JULIUS GROSCHKE, Plaintiff Appellant, *v.* JOHN BARDEN-
HEIMER, GARNISHEE, Appellant.

### April 14, 1884.

1. FRAUD — EVIDENCE. — Fraud may be inferred from circumstances, without direct evidence.

2. —— In a proceeding the object of which is to show fraud in an assignment, the plaintiff may, for the purpose of showing fraud, introduce the books of his own witness who has denied the fraud, without violating the rule that he can not impeach his own witness, where the books are not introduced to contradict the witness' statement as to their contents.

3. GARNISHMENTS — DENIAL OF ANSWER. — A denial of a garnishee's answer is sufficient, if it states a cause of action under the rules applicable to a petition under the code.

4. —— INTERPLEADER. — The statute in relation to bringing the claimant into court and requiring him to interplead in garnishment proceedings is directory merely.

5. —— PRACTICE. — A garnishee who has not moved to have the claimant interplead can not defend on the ground that he may be compelled to pay the claim to both the execution creditor and to the claimant.

6. —— SHERIFF'S RETURN — SATISFACTION OF EXECUTION. — A sheriff's return that he levied upon money claimed by a third person, and that the plaintiff to whom the money had been paid, had given a forthcoming bond, should not be taken as an absolute satisfaction of the execution.

7. —— PRACTICE. —Upon such a return, the court may refuse to make an order upon the garnishee in an *alias* execution upon the same judgment to pay into court the money found in his hands belonging to the defendant, until the right to the money levied upon shall be determined

8. —— It is error in such a case to arrest all proceedings in the garnishment proceeding; but the verdict against the garnishee should be allowed to stand with leave to the plaintiff to move for an order on the garnishee to pay the money to him in case he should be compelled to refund the money seized under the execution.

9. RES JUDICATA. — A question, in order to become *res judicata*, must be adjudicated in an action between the parties or their privies.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Reversed and remanded.*

FINKELNBURG & RASSIEUR, for the plaintiff: Fraud is not necessarily to be proved by direct testimony. — *Schultz* v. *Christman*, 9 Mo. App. 588. The court had a right to the

aid of a jury to determine the question of ownership. The defendant had joined in the issue, and did not ask that Foell be required to interplead; the question of ownership of the note was properly left to a jury; the statute is directory merely. — *Daggett* v. *St. L. M. F. Ins. Co.*, 19 Mo. 201; *Weil* v. *Tyler*, 38 Mo. 558; *McKittrick* v. *Clemens*, 52 Mo. 160. Defendant, had he seen fit, could have required Foell to interplead. — *Potter* v. *Stevens*, 40 Mo. 591; *Wilson* v. *Murphy*, 45 Mo. 411. Defendant complains that by the judgment in this case he may be compelled to pay twice, once by plaintiff and again by the assignee of note. If so, he has his remedy against the attached debtor. — *Funkhouser* v. *How*, 24 Mo. 44; *Dobbins* v. *Hyde*, 37 Mo. 118. The levy under the *alias* execution was not a satisfaction of the judgment, but only conditionally upon the failure of the claimant to make good his claim. — *Thomas* v. *Cleveland*, 33 Mo. 127; *Maguire* v. *Marks*, 28 Mo. 196.

FRED. GOTTSCHALK, for the garnishee: The sufficiency of the "denial" is to be tested by the same rules as that of a petition. — *Union Bank of Trenton* v. *Dillon*, 75 Mo. 380. A party can not impeach his own witness. — *Stockton* v. *Demuth*, 7 Watts, 39; *Brown* v. *Wood*, 19 Mo. 475; *Chandler* v. *Fleeman*, 50 Mo. 239. Garnishing creditors have no other or greater rights than their debtors had against the garnishee at the time of the garnishment. — Drake on Attach., sects. 458, 464; *Nat. Bank* v. *Staley*, 9 Mo. App. 147; *Sheedy* v. *Bank*, 62 Mo. 24. Garnishment is one of the modes pointed out by statute, by which an execution is executed, it is not a new suit, but  *  *  * a means of obtaining satisfaction. — *Tinsley* v. *Savage*, 50 Mo. 141.

BAKEWELL, J., delivered the opinion of the court.

Bardenheimer was summoned as garnishee on an execution issued on a judgment obtained by Groschke against

one Johl. The garnishee denied any indebtedness to Johl, except that he said in his answer to interrogatories, that, on September 20, 1882, he owed Johl $800, for which indebtedness, he, on that day, executed and delivered to Johl the note of him, Bardenheimer, for that sum, which note was negotiable and payable at six months, with interest at five per cent per annum. The garnishee further said that he had been informed that this note was negotiated ; and that it is held by a person unknown to the garnishee, and is in possession of the Mechanics' Bank, but whether as holder, or for collection, the garnishee is not informed.

The plaintiff filed a denial, and afterwards an amended denial. These denials are to the same effect, and allege that Bardenheimer, after he was summoned as garnishee, conspired with Johl and one Foell to deprive plaintiff of his recovery against Johl, in furtherance of which conspiracy Bardenheimer, on December 13, 1882, executed the note mentioned in this answer, and delivered the same to Johl, who then indorsed and delivered the same to Foell, who gave no consideration for the transfer, and received the same for the fraudulent purpose mentioned. Knowing that Bardenheimer had been summoned as garnishee herein ; and that Foell holds the note for Johl's benefit.

Before the amended denial was filed, plaintiff moved for an order on Johl to produce in court the note in question. The trial judge heard testimony in support of this motion. After which he overruled the motion in the following language : —

" The testimony in support of this motion leaves my mind in so much doubt as to the right of Mr. Foell to hold and collect the proceeds of this note, that I shall not order him to deliver the note into court. This proceeding is summary without the intervention of a jury, and I do not feel disposed to make an arbitrary order divesting a party of the possession of property unless the proof is very clear. There are other modes of trying the question of

the good faith of the parties and I prefer to give the parties the benefit of a jury trial.''

The amended denial and reply were then filed, and the issues thus made were submitted to a jury under instructions given by the court. The jury found that Bardenheimer was indebted to Johl in the sum of $825. Motions in arrest and for a new trial were overruled, and the court made an order that the garnishee pay to the sheriff, for the use of plaintiff, before June 30, 1883, the amount found by the jury to be due. Afterwards the court set aside the order overruling the motions in arrest and for new trial, and continued the motions to the next term. Meanwhile plaintiff had sued out an *alias* execution to the October term, under which the sheriff levied upon $2,100 of money as the property of defendant Johl. This money was claimed by Johl's wife; plaintiff gave bond to the sheriff, and he applied the money to the execution, and paid over to plaintiff $1,844.65 in full of his debt and interest, leaving $178.19 in the sheriff's hands. This payment was made subject to the claim, and the sheriff made return accordingly. Defendant then pleaded this payment to plaintiff in bar; and the facts appearing to the court as stated, the court overruled the motion for new trial and in arrest, and ordered that all further proceedings upon the verdict be finally stayed, and that plaintiff recover of defendant the costs up to July 25, 1883, the date on which plaintiff received the money from the sheriff, and that the costs after that date be taxed against plaintiff, and that executions issue accordingly.

Both parties appeal.

1. It is claimed by appellant Bardenheimer that the denial of the answer of the garnishee states no facts constituting a cause of action. It states that the note described in the answer of the garnishee was the property of the execution defendant when the garnishee was summoned, and continued to be his property until after its maturity; that

the garnishee, after he was summoned, combined with the execution defendant and Foell to deprive plaintiff of his right to recover the $800, admitted in the garnishee's answer to be due since September 20, 1882; that the note was fraudulently made and delivered by the garnishee to the execution defendant, who indorsed and delivered the same to Foell without consideration; and that Foell received the same knowing the garnishee had been served, and holds the same for the use of the execution defendant; and that all this was done in pursuance of a fraudulent purpose on the part of the parties concerned to defraud the execution plaintiff. We do not perceive why these allegations, if tested by the rules of pleading and practice applicable to a petition, are not good enough to support the verdict. Whether the denial was demurrable we need not inquire.

2. It is contended by defendant that the court erred in allowing plaintiff to introduce the books, ledger, journal, and cash book, and check book of the witness Foell. The ground of this objection is, that the only purpose of this testimony was to impeach Foell by contradicting and discrediting his testimony and that this was not competent, because Foell was plaintiff's witness. It is true that the general rule of law is, that a party can not discredit the testimony of his own witness, or show his incompetency. But a person may sometimes resort to other evidence to prove his case though denied by the witness first called by him to support it. These books were not introduced to contradict any statement of the witness as to what these books contained. The case was one in which plaintiff assumed the task of proving fraud from circumstances. He had a right to introduce the books of the witness, and it was for the jury to determine from all the statements of all the witnesses whether the purchase of the Bardenheimer note from Johl by Foell was a *bona fide* purchase, or a merely colorable transaction for the purpose of making it appear that

an indebtedness once really existing from Johl to Bardenheimer, was due, not to Bardenheimer, but to Foell.

3. Defendant insists that there is no evidence whatever to warrant the finding of the jury that Bardenheimer, at the time of the garnishment, was indebted to Johl. As to this it must be said that there is often no direct evidence of fraud. It must be inferred from the circumstances. Foell states most positively that he bought the note of Bardenheimer from Johl on the 11th of December, the day before garnishment, at the request of Johl, and merely to gain the interest, the note having about three months to run. He is corroborated as to the fact that he paid the face of the note about that time in bank notes of small denominations, to Johl, and then received the paper. But Foell was not a man of much means; he was in a small way of business; no entry of the transaction appears upon his books. His check book shows that he did not draw this $800 out of bank. He can not, or will not, explain where it came from; and would seem from his statements to have been carrying it about in his pocket. Sixty days afterwards, without any apparent reason, he lends $700 to Johl's wife. There is some evidence tending to show an effort on Johl's part, about the date of the garnishment, to get Bardenheimer to allow him to take up the note before maturity, and a quarrel between them because Bardenheimer would not do so. The jury saw the demeanor of the witnesses; and we do not think that the trial judge was bound to set aside this verdict because they discredited Foell's statements that he bought the note with his own money, as an investment, and with no view of aiding Johl to defeat his creditor.

4. Defendant says that the *bona fides* of the transaction between Johl and Foell became *res judicata* when the trial court, after hearing evidence, overruled the motion to require Foell to produce the note in court. It is evident, however, that the court in overruling this motion, declined to pass upon the question of the ownership of the note.

5. Defendant claims that there could be no trial of the issue between the garnishee and the plaintiff until the court made an order bringing the claimant into court and requiring him to interplead, and that there could be no judgment against the garnishee until such interplea is determined.

Foell, under section 2525 of the Revised Statutes, might, if he had so chosen, have interpleaded in the cause; in which case the interplea must have been determined before judgment could be rendered against the garnishee. But Foell did not interplead; so that the statutory provision has no application. Defendant did not ask that Foell be required to interplead. He might have required this; but as he did not, the trial court was not bound to direct that Foell should be made a party. It is held that sections 2541 and 2542, which are cited in *Wilson* v. *Murphy* (45 Mo. 410), as sections 25 and 26, p. 68, Wagner's Statutes, are merely directory, and impose no obligation of bringing in the claimant. Had Foell been brought in, the judgment would have bound him and protected the garnishee. The fact that he was not brought in, and that the garnishee may perhaps be compelled to pay the note twice, because Foell did not interplead, can not be urged against the verdict upon the issue made between the execution creditor and the garnishee. Defendant should have required Foell to interplead, if he desired to protect himself. *Wilson* v. *Murphy*, 45 Mo. 411; *Potter* v. *Stevens*, 40 Mo. 591; *McKittrick* v. *Clemens*, 52 Mo. 160.

6. The statute provides (Rev. Stats. 2524) that, "if it appear that a garnishee, at or after his garnishment, was possessed of any property of the defendant, or was indebted to him, the court, or judge in vacation, may order the delivery of such property, or the payment of the money owing by the garnishee, to sheriff, or into court, at such time as the court may direct, or may permit the garnishee to retain the same, upon his executing a bond to the plain-

tiff with security approved by the court, to the effect that
the property shall be forthcoming, or the amount paid as
the court shall direct." And (Rev. Stats., sect, 2534) : " If
upon such trial, it shall appear that property, effects, or
money of the defendant are found in the hands of the gar-
nishee, the court or jury shall find what property or effects
and the value thereof, or what money are in his hands ; and
unless he discharge himself as provided in section 2523, by
paying or delivering the same to the sheriff, or unless he
shall, within such time as the court shall direct, as provided
in section 2524, pay or deliver up such property, effects, or
money, or shall execute his bond for the payment or deliv-
ery of the same, then the court shall enter up judgment
against the garnishee for the proper amount or value as
found in money, and execution may issue forthwith to en-
force such judgment."

The apparent satisfaction of the execution against Johl
may turn out not to be real, if Mrs. Johl enforces her
claim. The plaintiff may be compelled to refund to the
true owner the amount received by him from the sheriff.
Freem. on Ex., sect. 269 ; *Magwire* v. *Marks*, 28 Mo. 196.
In view of the facts in evidence, the return upon the exe-
cution ought not to be taken as an absolute satisfaction of
the judgment against Johl. If the claimant should esta b-
lish her right to the money seized as the property of the
defendant Johl, and the plaintiff be compelled to refund
this money, it may well be that the trial court ought then
to order the garnishee, under this verdict, to pay the money
found to be due by him to the sheriff, or into the court, or
to give bond so to do. Until such an order is made, it
would seem that there can be no judgment against the gar-
nishee for the sum found by the jury in the garnishment
proceedings. Plaintiff contends that the court should have
entered judgment against the garnishee, with a stay of exe-
cution. But we think that, with the return of the sheriff

before him, the learned judge properly refused to make any order upon the garnishee to pay or give bond, which is an essential preliminary to the judgment that plaintiff demands. It would be absurd to make an order of payment into court which was not to be obeyed, and which should be made in order that it might be disobeyed, with a view to a judgment with stay of execution. Under the circumstances, we think the trial court might properly have ordered an arrest of all further proceedings under the verdict in the garnishment proceedings. If it should turn out that the plaintiff is compelled to refund the money levied upon by the sheriff as the property of Johl, plaintiff can then move for an order upon the garnishee to pay, and in default of such payment, or bond to pay, for judgment against the garnishee.

But such an order, had it been made, would not be a final determination of the particular suit, and, therefore, not such a definite sentence or decree as to be a last judgment from which an appeal would lie. The decree actually rendered " that all further proceedings upon the verdict herein be finally arrested and stayed, and the plaintiff recover of defendant his costs," etc., was, we think, a final judgment ; and for that reason erroneous. We are of opinion that the trial court, under the circumstances, may properly refuse to make any order upon the garnishee; that the verdict should be allowed to stand ; and that the plaintiff, in case he should be compelled to refund, in whole or in part, the money collected on his execution, should have leave to move for the proper order upon the garnishee, after which judgment against the garnishee might follow as the statute provides.

The judgment is reversed and the cause remanded. All the judges concur.