S. M. CHAPMAN, Plaintiff, v. C. D. YANCEY, et al., Defendants; C. D. Yancey, Defendant in Error; Louisa E. Graves et al., Interpleaders, Plaintiffs in, Error.

St Louis Court of Appeals. Argued and Submitted February 4, 1913. Opinion Filed April 8, 1913.

1. WRITS OF ERROR: Time for Suing Out: Supersedeas. Under Sec. 2056, R. S. 1909, providing that a writ of error may issue upon any judgment or decision within one year after its rendition, a writ of error issued within one year after the overruling of a motion to quash an execution will authorize the review of such ruling, although the judgment itself had been rendered more than a year prior thereto; and supersedeas may be obtained on such writ under Sec. 2067, R. S. 1909.

2. GARNISHMENT: Interplea: Judgment. In a garnishment proceeding, where several persons interpleaded for the fund garnished, a judgment rendered while the interpleas were pending and undetermined that, upon payment into court of the amount the garnishee owed the execution debtor, less a certain amount allowed him for costs, he should be discharged from further liability, was improper, under Sec. 2421, R. S. 1909, which provides that no judgment shall be rendered against the garnishee until the interplea shall be determined.

3. GARNISHMENT: Nature: Jurisdiction. A garnishment proceeding under the statute (Sec. 2413, R. S. 1909, *et seq.*) is legal and not equitable in its nature, and the court has no jurisdiction to determine any matter or any right of the parties involved in the proceeding, other than the ownership of the fund garnished.

4. ———: Counterclaim. A garnishment proceeding is not a suit within the meaning of the statutes, and the provisions relating to counterclaims and offsets do not apply to such a proceeding and do not authorize the interposition of a counterclaim or offset by the execution defendant against an interpleader

for the fund garnished, and hence an affirmative judgment rendered against the interpleader and in favor of the execution defendant on such a counterclaim is void.

5. **JURISDICTION: Waiver: Appearance.** Appearance for the purpose of moving to quash an execution issued on a judgment rendered by a court which had jurisdiction of neither the parties nor the subject-matter would not have the effect of giving the court such jurisdiction and validating the judgment.

6. **APPELLATE PRACTICE: Substitution of Parties: Assignees of Judgment.** The assignee of a judgment which is assailed in the appellate court may, on motion, be made a party to the proceeding.

7. **ASSIGNMENTS: Rights of Assignee: Judgments.** The assignee of a judgment takes subject to the rights of the parties to it, so that, where a judgment is set aside on appeal, the assignee takes nothing by the assignment.

Error to Stoddard Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED *(with directions)*.

*Lew R. Thomason* for plaintiffs in error.

(1)   The proceeding by garnishment is essentially legal. It is not equitable; it can only reach legal assets in the hands of third persons or intercept legal credits owing to the defendant in the execution and there must be some privity between the debtor and garnishee. Atwood v. Hale, 17 Mo. App. 88; Lackland v. Garrishee, 56 Mo. 270; Provenchere v. Reifess, 62 Mo. App. 53; Merchantile Co. v. Bettles, 58 Mo. App. 389. Bank v. Barnett, 98 Mo. App. 478.   (2)   A counterclaim can be set forth only in an answer when a party has been sued. The interplea of the plaintiffs in error herein claiming the fund in the hands of said Wilson is authorized by law and was not a suit, the only issue to be determined or which can be determined on such interplea is the ownership of the property or money attached.

R. S. 1909, sec. 2328; Bank v. Totten, 114 Mo. App.
97; Schwacker v. Dempsey, 83 Mo. App. 343; Grocery
Co. v. Lusk, 95 Mo. App. 261; Boetger v. Roehling, 74
Mo. App. 257; Beck v. Wiseley, 63 Mo. App. 239;
Engine Co. v. Glazier, 55 Mo. App. 102; Mills v.
Thompson, 61 Mo. 407; Hewson v. Tortle, 79 Mo. 637;
Car Co. v. Barnard, 139 Mo. 145.

*Joseph Block* and *Charles D. Yancey* for defendant
in error, Yancey.

The abstract of the record of the proceedings in
this case, Yancey v. Louisa E. Graves, in the circuit
courts of Butler and Stoddard counties, filed by the
plaintiffs in error in this court disclose these facts to
be true:

First: The defendants appeared generally in the
circuit court of Butler county on the 3d day of De-
cember, 1909, and agreed that, in lieu of a complete
transcript of the record, the clerk of that court might
"transmit the original file papers to the clerk of the
circuit court of Stoddard county. This was a general
appearance and gave to the court complete jurisdiction
over all of the defendants. Sec. 1756, R. S. 1909;
Baisley v. Baisley, 113 Mo. 544; State ex rel. v. McKee,
150 Mo. 233; Bank v. Railroad, 119 Mo. App. 1.
Second: The request, on the 3d day of October, 1910,
"that the trial of the cause be passed until the next day,"
was a general appearance and conferred jurisdiction.
Peters v. Railroad, 59 Mo. 406; Orear v. Clough, 52
Mo. 55; Tower v. Moore, 52 Mo. 118. Third: The
appearance on the 14th day of November, 1910, and
the filing of a motion to set aside the judgment rendered
by the court on the 6th day of October, 1910, was a
general appearance. Pry v. Railroad, 73 Mo. 123;
Gant v. Railroad, 79 Mo. 502. Fourth: The appear-
ance on the 18th day of April, 1911, and the submission
of the motion filed by defendants on the 14th day of

November, 1910, to set aside judgment was a general appearance, and conferred jurisdiction. Davidson v. Hough, 165 Mo. 561; Brown v. Woody, Admr., 64 Mo. 523; Gant v. Railroad, 79 Mo. 502; Meyer v. Broadwell, 83 Mo. 571. Fifth: The filing of motion for new trial on the 20th day of April, 1911, was a general appearance, and conferred jurisdiction. Sixth: The filing of a bill of exceptions on the 20th day of April, 1911, was a general appearance, and conferred jurisdiction.

STATEMENT.—This is rather a singular case. One S. M. Chapman brought his action against Charles D. Yancey and two others on a promissory note for $150, the action commenced in the circuit court of Butler county. Summonses were duly issued against and served upon the defendants, judgment rendered against them and an execution issued out of the circuit court of Butler county, directed to the sheriff of Stoddard county against the defendant Yancey. This writ was executed in Stoddard county, as appears by the return of the sheriff, by summoning one Charles D. Wilson, as garnishee, to appear at the return term of the writ and answer such interrogatories as might be exhibited against him, and attaching in his hands all debts due from him to the defendant Yancey. On the return day the plaintiff filed interrogatories in usual form. Afterwards the garnishee appeared and filed his answer to the interrogatories, setting up that at the time of the service of the garnishment he had in his possession, as clerk of the circuit court of Stoddard county, Missouri, the sum of $84.96, as principal debt, and also the sum of $40.35, for costs, all paid to him by the sheriff in satisfaction of a judgment for debt and costs rendered in the circuit court of Stoddard county in favor of Elizabeth Graves, Louisa E. Graves and Alice Mohan against the St. Louis & San Francisco Railroad Company, which amounts the garnishee averred are claimed

by the defendant Charles D. Yancey as also by Eliza-
beth and Louisa E. Graves and Alice Mohan. Beyond
this the garnishee denied any indebtedness and prayed
the court to allow him to pay the money in his hands
into court and that he be finally discharged with his
costs and a reasonable attorney's fee.

The next entry in the case is an interplea by Eliza-
beth and Louisa E. Graves and Alice Mohan, filed
October 4th and during the October, 1909, term of the
Butler county circuit court. These parties claimed the
fund in the hands of the garnishee and, denying that the
defendant Yancey had any interest in it, claimed that
they were entitled to the whole amount and prayed an
order of the court directing that the money be paid over
to them.

Afterwards on the 2nd of December, 1909, the
cause entitled S. M. Chapman v. Charles D. Wilson,
garnishee of Charles D. Yancey et al., coming on for
trial, as it is recited, between the plaintiff and the
garnishee and neither party requiring a jury, all and
singular the matters in controversy were submitted to
the court and the court found from the answer of the
garnishee that at the time of the service of the gar-
nishment he had in his possession the money mentioned
by him, paid over in satisfaction of the judgment
mentioned, and that there is due the plaintiff in the
execution issued in the cause, together with costs
taxed on the execution, the sum of $119.50. Where-
upon it was ordered by the court that upon the pay-
ment of the sum of $84.96 by the garnishee into court,
that he be discharged from all further liability in the
cause and be allowed the sum of ten dollars, payable out
of the fund in his hands, for services in answering herein
and that the sum of ten dollars be taxed as costs
against the losing parties to the suit. At this October
term but in the December adjourned term thereof, and
on the 3d of December, Yancey, one of the defendants
in the suit of Chapman against Yancey and others,

filed what is called his answer to the petition of the interpleaders, meaning by interpleaders, Elizabeth and Louisa E. Graves and Alice Mohan. In this answer he denies each and every allegation or averment of fact contained in the petition of those interpleaders and follows this denial with a counterclaim against the Misses Graves and Mohan. This counterclaim contains two counts and covers sixteen pages of the printed abstract. The first count embraces items of alleged expenses by Yancey on account of these ladies in and about certain litigation in which he, as alleged, was acting as their attorney, and amounts to $358.66; the second count is a claim for legal services alleged to have been rendered by him for the ladies, and amounts to $500, judgment being demanded against them for $858.66. On that same third day of December, Mr. Yancey filed a motion to dismiss the petition of the interpleaders theretofore filed, as grounds for the motion averring that the interpleaders, as appeared by their petition, seek affirmative relief against him and a judgment against him on a certain promissory note, but that the interpleaders have failed to file the note with their petition, and the instrument referred to in the petition as a basis or foundation of the interpleaders' suit, as it is called, not being filed with their petition, nor it not being alleged that it is either lost or destroyed, it is claimed that their intervening petition should be dismissed. On that same third day of December, 1909, Elizabeth and Louisa E. Graves and Alice Mohan, by leave of court, withdrew their interplea, being granted leave to interplead on or before the first day of the next regular term of the court. Following the filing of his answer as above and his motion to dismiss the interplea, Mr. Yancey filed an application, duly verified, for a change of the venue of the cause, alleging prejudice on the part of the judge of the circuit court of Butler county. That change of venue was awarded from the Butler Circuit Court to

the Stoddard Circuit Court, it being set out in the order of transfer that the parties had agreed that in lieu of a complete transcript the clerk of the circuit court of Butler county should transmit all the original papers on file to the circuit court of Stoddard county, along with a full and complete transcript of the record entries had in the cause. Up to this time, and including the order awarding a change of venue, the title of the cause was S. M. Chapman, plaintiff, v. H. N. Phillips, C. D. Yancey and Sam M. Phillips, defendants, Charles D. Wilson, garnishee, Louisa E. Graves, Elizabeth Graves and Alice Mohan, interpleaders. The answer or interplea of Mr. Yancey is so entitled and indorsed, as appears by a certified transcript of a part of the record which has been brought here and filed in our court by the defendant in error. Sometimes the caption was S. M. Chapman, plaintiff, v. C. D. Yancey et al., defendants, Wilson, garnishee. On the 6th of October, 1910, under this caption:

State of Missouri, County of Stoddard, ss.

In the Circuit Court of Stoddard County, Missouri, October Term, 1910.

Charles D. Yancey, Plaintiff
       v.
Louisa Graves, Elizabeth
Graves and Alice Mohan,
              Defendants.

Venue changed from Butler County Circuit Court.

No. 171.

an entry appears as of the records of the circuit court of Stoddard county, substantially as follows: That on this day it appearing from the record that the defendants, having failed to file their answer to the petition of the plaintiff, filed in this cause on the 3d of December, 1909, whereby the cause is wholly undefended and

the defendants being called come not, it is considered
by the court that the plaintiff herein should recover,
and the cause being called for trial and plaintiff an-
nouncing by his attorney that he is ready for trial
but the defendants come not and the allegations con-
tained in the petition being taken as confessed, the
cause is submitted to the court without the interven-
tion of a jury and the court thereupon finds for "Plain-
tiff" on his first count in the sum of $385, and on his
second count in the sum of $500, "rendering judgment
that the plaintiff have and recover of the defendants
the sum of $858.66 together with the costs of this
action and that he have execution therefor."

When and by what authority this change of title
of the cause was made, nowhere appears. No case
under any such title, so far as the record shows, was
ever sent from Butler to Stoddard county, but it is
upon this judgment that the executions hereafter men-
tioned were issued. As we have seen, the only case in
which any judgment could possibly have been rendered
was S. M. Chapman v. Phillips, Yancey et al., defen-
dants, Wilson, garnishee, Graves et al., interpleaders.
The Misses Graves and Mohan were never summoned
in any such case and never appeared to plead in any
case entitled Yancey v. Graves et al., save as herein-
after stated, when they appeared to set aside that
judgment and quash the execution issued on it. What
is purported to be an assignment of this judgment of
date October 19, 1910, to Henry A. Behrens, on con-
sideration of one dollar and other valuable considera-
tions, appears to have been filed, the judgment as-
signed still purporting to be one above set out. Exe-
cution was issued on this judgment and under those
names on October 25, 1910, when, on the 14th of
November, 1910, and during the September term of the
Stoddard Circuit Court, Elizabeth and Louisa E. Graves
and Alice Mohan moved the court to set aside the
judgment and to quash the execution. This motion

sets out the judgment rendered in the Butler County Circuit Court in favor of Chapman against Yancey et al., issue of execution thereon, summons of Wilson as garnishee; that the garnishee filed the answer heretofore set out and prayed leave to pay the amount into court, averring that the fund was claimed by Yancey as well as by the two Graves ladies and Alice Mohan; that the order of the court directed that the garnishee, upon the payment of the amount in his hands, namely, $84.96, less the sum of ten dollars allowed the garnishee for answering, be discharged; that Elizabeth and Louisa E. Graves and Alice Mohan had filed their interplea to the fund. It is further averred that the only issue to be determined in that cause or that could be determined in it was the ownership by the interpleaders of the fund attached and paid into court by the garnishee; that there was no suit or action pending in the court at the time of the rendition of the judgment or at any time wherein Charles D. Yancey was plaintiff and Elizabeth and Louisa E. Graves and Alice Mohan were defendants, and that the court was without jurisdiction of the person or of any subject-matter in litigation between said parties and that the judgment was void. This motion is entitled, "In the cause of Stephen M. Chapman, plaintiff, against Charles D. Yancey et al., defendants, and Charles D. Wilson, garnishee, Elizabeth Graves, Louisa E. Graves and Alice Mohan, interpleaders." Afterwards, on the 15th of November, 1910, and during the September term of the Stoddard Circuit Court, under the title S. M. Chapman, plaintiff, against Charles D. Yancey and others, defendants, Mr. Yancey filed his motion to dismiss the motion of defendants to quash the execution and to set aside the judgment in that case, the motion of Mr. Yancey stating that he appeared solely for the purpose of filing it. The grounds stated by Mr. Yancey for the dismissal of the motion are, first, that there is no such case as Stephen Chapman

against Charles D. Yancey, Henry M. Phillips and
Sam. Phillips in the nature of an interplea or of any
nature whatever, pending in the Stoddard Circuit
Court nor in any other court in the State.    Second,
because the interplea filed in the circuit court of Butler
county by Louisa Graves and others was voluntarily
dismissed by these interpleaders on the 3rd of Decem-
ber, 1909, and had never been revived, renewed or
reinstated.    Third, because notice of the filing of the
motion to set aside the judgment entered in court on
the 6th of October, 1910, had never been served on
Henry A. Behrens, the assignee of the judgment, or his
attorney.    Fourth, because no bond had been filed by
the parties who had filed the motion.    Fifth, the court
"hath not jurisdiction of the subject-matter of the
motion to set aside the said judgment."    Sixth,
because, the court had no jurisdiction of the persons of
the defendants named in the motion.    Afterwards, on
the 15th of November, 1910, and during the September
term of the court, under the title of Charles D. Yancey
against Louisa E. Graves et al., the court ordered that
the execution heretofore issued in that cause, directed
to the sheriff of Ripley county, be recalled, and that the
sheriff return the execution to the clerk of the Stod-
dard Circuit Court unserved, "and it is further ordered
that no other or further execution be issued herein, until
the further order of the court in the premises."    This
execution, which appears to have been directed to the
sheriff of Ripley county, was returned unexecuted.
On the 21st of March, during the March, 1911, term of
the Stoddard Circuit Court, under the title of Charles
D. Yancey, plaintiff, Henry A. Behrens, assignee, v.
Louisa E. Graves, Elizabeth Graves and Alice Mohan,
defendants, it is recited that "comes the plaintiff in
the above entitled cause and moves the court to dis-
miss the motion of the defendants heretofore issued,"
for various reasons stated in the motion.    Afterwards,
on the 18th of April, 1911, and during the March term

of the Stoddard Circuit Court, under the title last above stated, it is set out that the motion of the defendants heretofore filed on the 14th of November, 1910, coming on to be heard (that is, the motion to quash the execution), is submitted to the court and the court being fully advised of and concerning the premises overrules the motion, and taxes the costs against the "defendants," and orders that fee bill or execution issue therefor. That is, first quashing the execution, the court recalled that action and ordered execution. A motion was thereupon duly filed by Elizabeth and Louisa E. Graves and Alice Mohan, as interpleaders, asking and praying the court to set aside its order overruling their motion to set aside the judgment and quash the execution and grant them a new trial for the various reasons before stated. On the 20th of April, 1911, the court, by order, overruled this motion. On the 26th of April, 1911, Elizabeth and Louisa E. Graves and Alice Mohan presented an application for writ of error to one of the judges of this court, praying that the writ, if granted, operate to stay the execution which had been issued on that date, namely, April 26th. The writ was ordered to issue and an order also issued by a judge of this court in vacation staying the execution, a bond having been tendered and approved.

REYNOLDS, P. J. (after stating the facts).—It is claimed by defendant in error that the writ of error should be quashed because issued more than a year after the rendition of the judgment in favor of Charles D. Yancey, which judgment was later assigned to Mr. Behrens. That is a misapprehension. The writ of error is issued here to the action of the circuit court of Stoddard county in refusing to quash the execution on that judgment. That motion to quash was overruled the 18th of April, 1911, and the motion for new trial on that action was overruled April 20, 1911, so that this writ of error was issued within due time, as

under the provisions of section 2056, Revised Statutes 1909, a writ of error may issue upon any judgment or decision of any court within one year after the rendition of the judgment or decision.  By the provision of section 2067, Revised Statutes 1909, no writ of error shall stay execution when issued by a  judge of an appellate court in vacation unless such judge is satisfied upon inspection of a copy of the record that there is error therein and shall make an order allowing such writ to stay execution, provided the order is made within ninety days from the rendition of the judgment or decision complained of.  That occurred here: the stay was granted within ten days after the rendition of the order overruling the motion to quash the execution.  The point made against this writ of error and its operation as a stay, is not well taken.

The case seems to have proceeded under an entire misapprehension of the statutes of this State regulating garnishments.  It has been somewhat difficult to untangle and give an intelligible account of the proceedings in this case, and in an effort to do that we have been unavoidably prolix.

Defendant in error and his assignor have proceeded on the theory that after the garnishee had been ordered to pay the money into court and had been discharged, that a new suit or action was pending and in some manner was before the circuit court.

It is said in Groschke v. Bardenheimer, 15 Mo. App. 353, that under the provisions of the statute, any one other than the defendant in the judgment and execution, claiming the fund in the hands of the garnishee, might, if he had so chosen, have interpleaded in the cause; "in which case," says the court (l. c. 359), "the interplea must have been determined before judgment could be rendered against the garnishee."  That is so under section 2421, Revised Statutes 1909, that section providing that "any person claiming property, money, effects or credits attached in the hands of a

garnishee, may interplead in the cause, as provided by law in attachment cases; but no judgment shall be rendered against the garnishee in whose hands the same may be, until the interplea shall be determined." This provision has been held by our court, in Groschke v. Bardenheimer, supra, to be mandatory.

It will be observed that in the case at bar a judgment was rendered to the effect that upon the payment of $84.96 by the garnishee into court that the garnishee be discharged from all further liability, he being allowed ten dollars, payable out of the fund, for his costs.    That is directly in the face of section 2421, supra.    At that time the interpleas of the Misses Graves and Mohan, as well as of Mr. Yancey, were pending and undetermined.    Whether it is an irregularity or renders all of the subsequent proceedings void, is not necessary to be now determined, as we prefer to put the decision here on other grounds.    But the failure to follow the statute in this respect has been the cause of most of the confusion which has here arisen.    The inception of the case was the effort of Chapman, the judgment creditor, to reach a fund in the hands of the garnishee as belonging to the defendant Yancey. When the Misses Graves and Mohan withdrew their interplea and failed to renew it, the fund stood as of the property of Yancey, the judgment debtor, and should have been adjudged to the plaintiff Chapman and the garnishee discharged, if he had paid the money into court.    But after the filing of the interpleas, Chapman entirely disappeared from the case—is suspended in the air, so to say, and his debtor, Yancey, is awarded, not the fund in the hands of the garnishee, but a judgment in his favor and against the three unfortunate women who had claimed that fund, for over eight hundred dollars.

The fundamental error in the case, however, is that the defendant in the original judgment, Yancey, has undertaken to convert the garnishment proceeding

between the interpleaders into a new suit, and Yancey, the basic defendant in that case, assuming the position of a plaintiff, has endeavored to litigate matters between himself and Elizabeth Graves, Louisa E. Graves, and Alice Mohan, who then made no claim to the fund which the garnishee acknowledged to have in his possession. We say that the Misses Graves and Mohan then made no claim to the fund advisedly, for on the same day that Yancey filed his interpleader they withdrew theirs, with leave to renew it, is true, but they never did renew it. That cannot be done. "Garnishment," says our Supreme Court in Tinsley et al. v. Savage, garnishee, 50 Mo. 141, 1. c. 142, "is one of the modes pointed out by the statute by which the writ is executed, and it is not a new suit, but an incident or an auxiliary of the judgment, and a means of obtaining satisfaction of the same by reaching the defendant's credits."

Garnishment proceedings under the statute, as this was, are legal and not equitable in their nature. [Lackland v. Garesche, 56 Mo. 267.] In Sheedy v. Second National Bank, garnishee, 62 Mo. 17, it is again held that garnishment is a strictly legal, a statutory remedy, and that no power exists in the court to invoke equitable interference or to compel a settlement and adjustment of accounts between other parties. [See also Atwood v. Hale, 17 Mo. App. 81.] The correctness of this holding has never been questioned. [State ex rel. v. Blair, 238 Mo. 132, 1. c. 154, 142 S. W. 326.] Yet that is exactly what was here attempted. Under the statute, garnishment attempts to reach funds or property of the judgment debtor, alleged to be in the hands of the garnishee. The subject-matter is that fund and its ownership. Beyond or outside of the determination of the right to that fund, the court, in that proceeding, has no jurisdiction whatever. [Connor v. Pope, 18 Mo. App. 86.] It has no

173 Mo. App. 10

right to go into any determination of the rights of the parties to anything outside of their respective rights to that fund; cannot adjust matters between them beyond the ownership of that fund. When it has determined to whom the fund in the hands of the garnisheee belongs and has made an order carrying that determination into effect, its jurisdiction is at an end, save to enforce the order.

Even when the fund has been turned into court by the garnishee and interpleaders are brought in, it does not turn the action into a new one—into a new and independent action between the respective interpleaders. [Tinsley et al. v. Savage, supra.] All they can litigate between themselves is their respective rights to the fund in the hands of the garnishee. So that it is not a suit within the meaning of our statutes and the provisions of the statute as to the interposition of a counterclaim or offset as between these interpleaders, have no application whatever to such proceedings, to proceedings instituted and prosecuted under the garnishment statute. Therefore, all of the so-called offset or counterclaim interposed by Mr. Yancey in his interpleaders was the injection into the proceeding of a subject-matter over which the circuit court, in that cause, had no jurisdiction whatever; all its proceedings, looking to the establishment or maintainance of this so-called counterclaim, were absolutely void.

The defendant in error claims a judgment in a case entitled Charles D. Yancey, plaintiff, against Louisa E. Graves, Elizabeth Graves and Alice Mohan, defendants. There never was any such case, or under any such title, in which the parties named as defendants, plaintiffs in error here, had been summoned or had appeared in the circuit court of Stoddard county, or in any other court, so far as this record shows. The only case that was before the court on change of venue from Butler county, was the case of S. M. Chapman, plaintiff, against Yancey and others, defendants, Wilson, garnishee, Louisa

E. Graves and Elizabeth Graves and Alice Mohan, interpleaders. We might dispose of this case by accepting the theory of defendant in error that it was in such a case that his judgment was rendered. If we do, then we would be forced to the conclusion that the putative defendants in it, plaintiffs in error here, Louisa E. and Elizabeth Graves and Alice Mohan had not only never been summoned into court in any such case but had never appeared to it until after judgment had been rendered and execution issued, and then only to attack the judgment and execution. Appearance for that purpose did not give the court jurisdiction over them or over the cause, so as to validate the judgment.

But we prefer to place our decision on the ground that this change of title of the cause was a mere clerical error and that the real cause before the court was that of Chapman v. Yancey et al., Wilson, garnishee, Graves et al., interpleaders. The real party in interest as plaintiff was S. M. Chapman and the subject-matter was the ownership of the fund acknowledged by the garnishee to be in his hands. If, on determination of that, this fund was found to belong to Yancey then it should have been awarded to plaintiff Chapman; if it was found to belong to the Misses Graves and Mohan, then the plaintiff Chapman took no right to it. This, we repeat, was the sole issue for the circuit court, to try, so long as the Misses Graves and Mohan were in the case; when they withdrew their interpleader and did not renew it, the fund, to the amount of his debt, should have been adjudged to Chapman. When the court went outside of that, as it did, it was *coram non judice*. Its judgment in favor of C. D. Yancey and against these parties was not only irregular but absolutely void.

Many questions are presented by counsel, and many others might arise on this record, but we confine our decisions to the point covered above, namely, that there was no new action or suit, that the only

cause before the court was the one arising over the ownership of the fund in the hands of the garnishee, and for those reasons, the judgment was void and would not sustain an execution.

We do not determine that a change of venue was allowable in a like case: we do not determine whether the fund in the hands of the clerk was subject to attachment or garnishment. Those questions we pass without any expression of opinion.

Henry A. Behrens, as assignee of the putative judgment, has moved to be made a party defendant here. We sustain that motion but do not think it necessary to change the title in the cause or in the writ. He has appeared before us by counsel and has had his view of the case presented and considered. When he purchased the so-called judgment he took it subject to the rights of the parties to it, and as we have pronounced that judgment void, he can take nothing by his assignment.

The action of the circuit court in refusing to quash the execution entitled in the case of Charles D. Yancey, plaintiff, Henry A. Behrens, assignee, v. Louisa Graves, Elizabeth Graves and Alive Mohan, defendants, and to stay it, that execution not being supported by any valid judgment, was error.

That judgment is reversed and the cause remanded with directions to the circuit court of Stoddard county to enter up an order quashing the execution. *Nortoni* and *Allen, JJ.*, concur.

