STATE OF MISSOURI at the relation of HENRY A. BEHRENS, Plaintiff, v. CHARLES D. WIL-SON, Clerk of the Circuit Court of Stoddard County, Missouri, Defendant.

Springfield Court of Appeals, December 11, 1913.

1. **VOID JUDGMENT: Execution Issued on, Should be Quashed.** An execution should be quashed which is issued on a void judgment.

2. **INTERPLEADER: Garnishment: Void Judgment on Counterclaim.** An independent action by one interpleader against another cannot be ingrafted upon a garnishment proceeding by the mere filing of a counterclaim. And a judgment by default on such counterclaim in favor of one interpleader against the other is void.

Original Proceeding In Mandamus.

Writ denied.

*Charles D. Yancey* for plaintiff.

No such case as that of S. M. Chapman, plaintiff, v. Charles D. Yancey, Henry N. Phillips and Sam M. Phillips, defendants, Charles D. Wilson, garnishee, Louisa E. Graves, Elizabeth Graves and Alice Mohan, was ever docketed in, submitted to, or adjudicated, in the circuit court of Stoddard county, Missouri. No such case as that of Charles D. Yancey v. Louisa E. Graves, Elizabeth Graves and Alice Mohan, was ever docketed in, submitted to, or adjudicated in or by the St. Louis Court of Appeals. Mellier v. Bartlett, 89 Mo. 134; Scrutchfield v. Sauter, 119 Mo. 615.

*Lew R. Thomason* for defendant.

PER CURIAM.—This is an original proceeding in this court asking a peremptory writ of mandamus to compel the defendant as clerk of the circuit court of Stoddard county to issue a *pluries* execution on a certain judgment rendered in that court on October 6, 1910, in favor of Charles D. Yancey, as plaintiff, against Louisa E. Graves, Elizabeth Graves and Alice Mohan, defendants, in the sum of $858.66, said execution to be in favor of the relator, Henry A. Behrens, as assignee and owner of said judgment. A return to the preliminary writ has been filed by defendant and relator moves for judgment on the pleadings. The defendant's return sets up the facts connected with the rendition of said judgment in the circuit court substantially as the same will be found in the statement and opinion of the St. Louis Court of Appeals under the title of Chapman v. Yancey, 155 S. W. 1087, and such facts need not be repeated here. The defendant also pleads the decision and judgment of the St. Louis

Court of Appeals in said cause and the subsequent judgment of the Stoddard County Circuit Court, rendered in pursuance to the mandate of said Court of Appeals, as *res judicata* of plaintiff's right and that of his assignee to have, and of the power and authority of the said circuit court to issue, any execution on that judgment. It is sufficient here to say that the judgment on which this execution is asked to be issued is the same judgment of which the St. Louis Court of Appeals, in the case mentioned, in speaking of the action of the Stoddard County Circuit Court in rendering the same, said: "Its judgment in favor of C. D. Yancey and against these parties (Louisa E. Graves, Elizabeth Graves and Alice Mohan) was not only irregular but absolutely void." All the parties to said judgment, inclusive of relator, Behrens, as assignee, on which we are asked to direct an execution to be issued, were parties to the proceedings on the writ of error in the St. Louis Court of Appeals in the case just mentioned and that case is the same case as this one under a different title as therein explained. It is insisted here that this case of Charles D. Yancey v. Louisa E. Graves, Elizabeth Graves and Alice Mohan was never before the St. Louis Court of Appeals and that the Chapman case, supra, is a different case; but that is a misapprehension and is true only as applied to the title of the case and not to the case itself. There can be and is no doubt but that we are asked to direct the issuance of an execution, a *pluries* one, to enforce the same judgment of the Stoddard County Circuit Court in favor of Yancey and against Louisa E. Graves, Elizabeth Graves and Alice Mohan, rendered on October 6, 1910, as was the basis of the alias execution, the refusal to quash which was held error in the Chapman case, supra, because the said judgment of the Stoddard County Circuit Court was and is void. Moreover, we have no hesitancy in saying and holding, as we now do, that if the clerk had issued a *plur-*

*ies* execution on that judgment and the circuit court had refused to quash the same, this court would, on the facts presented in the return, hold such refusal error. And this is true because, as held by the St. Louis Court of Appeals, an independent action by one interpleader against another cannot be ingrafted on a garnishment proceeding by the mere filing of a counterclaim. The circuit court in such proceeding would have no jurisdiction to render a judgment by default on such counterclaim in favor of one interpleader against the other.

It results, therefore, that the peremptory writ asked for is denied.