Temple H. TILLMAN et al., Plaintiffs-Respondents,

v.

Sam DEESE and Dorothy Deese, Defendants-Appellants.

The RUBENSTEIN COMPANY, Plaintiff-Respondent,

v.

Price WILLIFORD et al., Defendants-Appellants.

Nos. 25980, 25892.

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

Gene A. DeLeve, Berman, DeLeve, Kuchan & Chapman, Kansas City, for Temple H. Tillman, and others.

Michael J. Albano, Graham, Paden, Welch & Martin, Independence, for Sam H. Deese, and others.

Gene A. DeLeve, Berman, DeLeve, Kuchan & Chapman, Kansas City, for Rubenstein Co.

Michael J. Albano, Graham, Paden, Welch & Martin, Independence, for Price Williford, and others.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and WILLIAM PETERS, Special Judge.

WASSERSTROM, Judge.

At the suggestion of this Court and with the consent of the parties, these cases have been consolidated for purposes of appeal. The procedural context in which these cases arise is quite complicated, and requires statement in some detail.

Cause #25892 was filed on December 17, 1969, and was assigned to Division 8 of the Circuit Court, Sixteenth Judicial Circuit. This case involves a suit by The Rubenstein Company (hereinafter referred to as "Rubenstein") against Williford, Sleyster, Mark Deese and Sam Deese, copartners, d/b/a Bishop Furniture Company (hereinafter referred to collectively as "the Bishop partners"). In this case, Rubenstein sues to collect $3,491.30 for merchandise sold and delivered to the partners.

While that lawsuit was pending in Division 8, certain proceedings intervened in cause #25980, which was at that time before Division 11 of the same Circuit Court. Cause #25980 started originally as a suit on a promissory note against Sam Deese (one of the Bishop partners) and his wife, and judgment had been entered in that case against those defendants on June 23, 1969. An auction sale of the Bishop Furniture Company inventory took place on April 9, 1970. Thereupon, the judgment creditors in cause #25980 caused garnishment in aid of execution to be issued against the auctioneers, the judgment creditors claiming a one-fourth interest under their judgment against Sam Deese.

After being served with the garnishment, the auctioneers filed a motion in cause #25980 for interpleader. The motion alleged that in addition to the claim under the garnishment, conflicting demands to the auction proceeds had been made upon them by the other Bishop partners, and also by various concerns claiming to be creditors of the partnership. Said interpleader was allowed, the auctioneers paid the net sale proceeds into the registry of the court, the auctioneers were thereupon discharged, and the various claimants were ordered to present their claims in the proceedings before Division 11.

In response to that order, an answer and cross-claim was filed on behalf of ten partnership creditors, including Rubenstein. These claims were based upon goods and services furnished to the partnership by each of the various creditors. The claim on behalf of Rubenstein alleged an indebtedness of $3,491.30 for the agreed price and reasonable value of merchandise delivered to the partnership on April 11, 1969. A claim was also filed before Division 11 by Williford and Sleyster, in which they alleged that Sam Deese had no legal or equitable interest in the proceeds of the auction, and they demanded that the funds be paid to them as the remaining copartners, d/b/a Bishop Furniture Company.

No reply having been filed by any parties to the cross-claim of the partnership creditors, they filed motion for summary judgment. No notice of that motion was given to the Bishop partners. On June 29, 1971, the motion for summary judgment was sustained, and a judgment entry was made in favor of the various partnership creditors, including judgment for Rubenstein against the partners individually in the sum of $3,491.30, plus interest. The court also ordered a distribution of the fund in court pro rata among the partnership creditors, since the aggregate of claims allowed exceeded the auction proceeds deposited. The amount paid to Rubenstein out of those funds came to $2,685.-55.

Thirty-one days after the entry of that judgment, counsel for the creditors wrote to counsel for the partners demanding payment for the balance due under the personal judgment. After receipt of that demand, the Bishop partners filed in Division 11 a Motion to Set Aside Judgment for Ir-

regularity. That motion was overruled, and an appeal was filed by the partners on November 15, 1971.

Thereafter, on August 12, 1972, cause #25892 came on for trial before Division 8. The Bishop partners in this proceeding then presented pleas of res judicata and election of remedies based upon the judgment which had been entered in Division 11. Rubenstein offered in open court to dismiss its petition in cause #25892 if the partners would agree that the judgment entered by Division 11 was valid and enforceable. This offer was refused by the partners. Thereupon, the pleas of res judicata and election of remedies were overruled by Division 8. Rubenstein proceeded to introduce evidence of the indebtedness due to it. The partners introduced no evidence on their own behalf, contenting themselves with objecting to the evidence offered by Rubenstein. Division 8 proceeded to enter judgment for Rubenstein for $3,491.30, together with interest, but gave credit for the $2,685.55 which Rubenstein had received in Division 11 from the proceeds of the auction sale. The partners thereupon appealed from that judgment also.

Rubenstein conceded at oral argument before this Court, as it did in Division 8, that it has no right to two judgments for the same amount, and it has agreed that cause #25892 may be reversed if the judgment in cause #25980 is affirmed.

The judgment in cause #25980 will be affirmed on the grounds hereinafter stated. Accordingly, pursuant to the stipulation mentioned, the judgment in cause #25892 will be reversed.[1]

■ The basis for affirmance of cause #25980 is the failure of the Bishop partners to meet the conditions required for the setting aside of a judgment after the expiration of the normal time specified for after trial motions. In the case of late motions to set aside, such as filed by the Bishop partners here, the movant must show that he has not been guilty of culpable negligence, and he must make a showing of a meritorious defense. These are standard requirements in proceedings such as motions to set aside default judgments and equitable proceedings to set aside judgments for extrinsic fraud. 49 C.J.S. Judgments § 289, p. 533; Evans v. Buente, Mo., 284 S.W.2d 543; Whitledge v. Anderson Air Activities, Inc., Mo., 276 S.W.2d 114; Askew v. Brown, Mo.App., 450 S.W. 2d 446; Linneman v. Whitley, Mo.App., 402 S.W.2d 76; Stieferman v. Stieferman, Mo.App., 219 S.W.2d 864; Cross v. Gould, 131 Mo.App. 585, 110 S.W. 672. These conditions apply also with respect to a motion to set aside a judgment for irregularities, which is the type of motion here involved. Rubbelke v. Aebli, Mo., 340 S.W. 2d 747; 46 Am.Jur., Judgments, § 751, p. 911. In the present case the Bishop partners have complied with neither of the conditions mentioned.

I

■ With respect to the requirement that the movants be free from negligence, the Bishop partners have wholly failed to explain or justify their failure to file any response to the creditors' answer and cross-claim. When that cross-claim was filed, they were called upon to respond thereto. Their failure to do so admitted the allegations of the cross-claim. Duke, Lennon & Co. v. Duke & Woods, 93 Mo. App. 244, 1. c. 251, cited with approval in Hyer v. Baker, Mo. banc, 130 S.W.2d 516, 1. c. 517; 49 C.J.S. Judgments § 201(b), p. 357.

■ The partnership creditors relied upon those admissions in filing their motion for summary judgment, the default

---

1. Although unnecessary in view of this disposition, the transcript and briefs in cause #25892 have been fully reviewed and show that the case was fairly tried and the evidence was sufficient to prove the indebtedness claimed by Rubenstein.

being specifically set out in paragraph 1(d) of the motion. That default also constitutes sufficient reason for the creditors not to serve notice of their motion upon the defaulting partners. Rule 43.01(a) V.A. M.R.

■ The Bishop partners have suggested no excuse or justification in their briefs or at oral argument before this Court for their failure to respond to the creditors' cross-claim. That unexcused failure directly contributed to the entry of judgment against them and constitutes a bar to the quasi-equitable relief requested.

## II

Even more important than the matter of unexcused negligence on the part of the movants, is their failure to make any showing of a meritorious defense to the various claims asserted by their creditors. It would be a useless and futile thing to set aside a judgment if the movants do not in fact have any meritorious defense to urge upon retrial. It is for this reason that the cases in Missouri and elsewhere hold uniformly that a judgment will not be set aside unless a showing of a meritorious defense is made at the onset in connection with the motion to set aside.

The grounds of the motion here to set aside for irregularity consist of the following:

"1. That said judgment was rendered without proper jurisdiction of defendants.

2. That said judgment was rendered without proper notice to defendants of motion for summary judgment."

■ The latter of these two grounds can be disposed of quickly. In the first place, even though it might constitute an irregularity, it does not rise to the dignity of a defense on the merits. Secondly, the partners were not entitled to notice of the motion for summary judgment in view of their default in response to the creditors'

cross-claim. See the discussion immediately above under Point I of this opinion.

■ The contention that the judgment in Division 11 was rendered without proper jurisdiction presents a more serious problem. The gist of the partners' contention in this respect is that a proceeding in interpleader must be confined to the fund or property before the court and the court has no jurisdiction to render any judgment extending beyond that res.

In support of this contention, the partners cite Chapman v. Yancey, 173 Mo. App., 132, 155 S.W. 1087; State ex rel. Behrens v. Wilson, 176 Mo.App. 268, 161 S.W. 1179; Dunham v. Jerome, 226 Mo. App. 1214, 49 S.W.2d 637; Harrison v. Harrison, Mo.App., 339 S.W.2d 509, and Martin v. Signal Dodge, Inc., Mo.App., 444 S.W.2d 29. Those cases are not in point, since they do not involve the character of interpleader covered by Rule 52.07 and which is the type involved here. Instead, the cases cited involve the special type of situation contemplated by Rule 90.08 in which a creditor is permitted to "interplead" on his own initiative in a garnishment proceeding instituted by some other party. As is pointed out in the article "Interpleader in Missouri", 7 Mo.Law Review 201, 1. c. 218, the type of proceeding covered by Rule 90.08 is not interpleader at all, but in reality constitutes a species of intervention. A creditor who desires to intervene and present a claim in a garnishment proceeding, must take the case as he finds it, and cannot broaden the issues beyond the distribution of the fund or property under garnishment. This is in accord with the rule applicable in intervention generally. State ex rel. State Farm v. Craig, Mo.App., 364 S.W.2d 343; State ex rel. State Highway Commission v. Hudspeth, Mo.App., 303 S.W.2d 703; Pine Lawn Bank & Trust Co. v. City of Pine Lawn, 365 Mo. 666, 285 S.W.2d 679.

While the above cases are not in point and independent research discloses no Missouri cases pertinent to the subject, there

is a considerable body of Federal cases on this question. Many of these deny the right of a cross-claim between interpleaded defendants if such cross-claim would extend judicial relief beyond distribution of the res before the court. See for example Knoll v. Socony Mobil Oil Co., Inc., 10 Cir., 369 F.2d 425; Metropolitan Life Insurance Co. v. Enright, D.C., 231 F.Supp. 275; Consolidated Underwriters v. Bradshaw, D.C., 136 F.Supp. 395; Preferred Risk Mutual Insurance Co. v. Greer, D.C., 289 F.Supp. 261. However, these cases must be distinguished on the ground that they involve special questions peculiar to Federal jurisdiction and which have no application to litigation in the State courts. See the widely cited article on this subject by Professor Chafee, "Broadening the Second Stage of Federal Interpleader", 56 Harv.L.R. 929, and also the annotation in 17 A.L.R.2d 741.

The leading legal writers on this subject are in agreement that cross-claim should be allowed between interpleaded defendants, in the discretion of the court, even though this has the effect of calling for judicial relief beyond distribution of the res in court. Chafee, "Broadening the Second Stage of Interpleader", 56 Harv.L.R. 541; 21 Vanderbilt L.R. 588; Moore's Federal Practice ¶ 22.15, p. 3128; Wright & Miller, Federal Practice and Procedure: Civil § 1715. See also the persuasive analysis and ruling by Judge Ridge in Bank of Neosho v. Colcord (W.D.Mo.), 8 F.R.D. 621.

■ So far as Missouri law is concerned, this matter is one of first impression. Strictly as a matter of logic, cross-claims should be permitted in interpleader proceedings, under the Missouri Rules. Rule 41.02 V.A.M.R. provides that "the Rules of Civil Procedure shall govern the practice and procedure in all suits and all proceedings of a civil nature, legal, equitable and special * * *". One of the proceedings so referred to is a proceeding by way of interpleader, which is specifically covered by Rule 52.07 V.A.M.R. Furthermore, Rule 55.49 provides that in all proceedings covered by the rules one party may state as a cross-claim any claim against a coparty arising out of the transaction or occurrence that is the subject matter of the original action.[2] Taken in combination, these rules authorize the cross-claim filed here by the partnership creditors.

■ Moreover, this interpretation of the rules is in accord with the purpose of our new code which is to simplify and liberalize procedure "to the end that litigation shall be expedited and justice be administered with a minimum of technical procedural hindrance". John A. Moore & Co., Inc., v. McConkey, 240 Mo.App. 198, 203 S.W.2d 512, l. c. 514. Judicial time is too precious to be frittered away needlessly. The prompt administration of justice is too important to insist upon two trials to do what can be fully and fairly accomplished in one.

The judgment in cause #25980 is affirmed. In accordance with the stipulation of Rubenstein's counsel, the judgment in cause #25892 is reversed.

All concur.

---

2. No contention is made by the Bishop partners that the cross-claim does not arise out of the transaction which is the subject matter of the original action. The claims of the partnership creditors do in fact arise out of the transaction (the auction) which was the occasion for garnishment, especially since the partnership creditors allege that the auction constituted a bulk sale in violation of § 400.6–101–400.6–111 V.A.M.S., and thereby was in fraud of their rights.