## LAWYERS TRUST CO. v. W. G. MAGUIRE & CO., Inc., et al.

### Civil Action No. 36.

District Court, D. Delaware.

March 19, 1942.

Harry W. Lunger, of Wilmington, Del., and Dean, King, Smith & Taylor, of New York City, for plaintiff.

Stewart Lynch, of Wilmington, Del., for defendant W. G. Maguire & Co., Inc.

E. Ennalls Berl, of Wilmington, Del., for defendant Virgil P. Rader.

WATSON, District Judge.

This case is before the Court for disposition of a motion filed by the defendant, W. G. Maguire & Co., Inc. (hereinafter called Maguire), for leave to withdraw its answer to the complaint and of a petition filed by the defendant, Virgil P. Rader, for an order directing Maguire to deposit certain stock certificates in its possession and certain certificates received as a result of rights granted to Maguire as owner of the stock represented by said stock certificates.

On March 21, 1939, the plaintiff filed its complaint for interpleader pursuant to the provisions of 28 U.S.C.A. § 41(26). It is alleged therein that the plaintiff is a New York corporation; that Maguire is a Delaware corporation, and that Rader is a citizen of Oklahoma; that the plaintiff is the transfer agent for the stock of the Missouri-Kansas Pipe Line Company, a Delaware corporation; that plaintiff received for transfer from an agent of Rader certificates of the common stock of Missouri-Kansas Pipe Line Co. purporting to represent 5000 shares of said stock and bearing the numbers C23935 to C23984 inclusive; that the value of the certificates exceeds five hundred dollars; that both Rader and Maguire claim these certificates; that plaintiff has no interest in or to the certificates. The plaintiff prayed for the customary relief obtainable in interpleader proceedings. A preliminary injunction was issued forthwith and directed to the defendants. On April 14, 1939, all parties having appeared, a permanent injunction was issued enjoining the defendants from prosecuting any proceeding against the plaintiff with regard to these certificates; the plaintiff was discharged of any and all liability "with respect to the stock hereinbefore mentioned"; and the defendants were directed to interplead between themselves "as to their respective claims or rights in and to the said shares of stock deposited with the Clerk of this Court.

* * *" On June 1, 1939, Maguire filed a paper designated as "answer of W. G. Maguire & Co. Inc." and apparently designed as a pleading setting forth its claim to the stock. In this answer Maguire admitted the allegations of the complaint with regard to the value of the stock certificates and claimed title to the certificates deposited and alleged that they were unlawfully taken from the possession of Maguire. On December 8, 1939, Rader filed his pleading also designated as an answer in which he alleges that he is the owner of the certificates by reason of a purchase thereof for full value in good faith. On July 24, 1941, Rader filed the petition now before the Court in which he requests that Maguire deposit with the Court certain certificates in Maguire's possession. These certificates, it is averred on information and belief, purport to represent the same shares of stock of Missouri-Kansas Pipe Line Co. as the certificates deposited in this case and were issued to Maguire upon its claim that the original certificates were lost or stolen and the posting of an appropriate bond, and that certificates representing rights were given to Maguire as record owner of this stock by Missouri-Kansas Pipe Line Co. On October 7, 1941, Maguire filed the motion now before the Court requesting leave to withdraw its answer.

The motion of Maguire recites that it was filed so that Maguire "may duly file a motion to dismiss, * * * which suggests the lack of jurisdiction of this Court over the subject matter of this action." A copy of the proposed motion to dismiss together with affidavits in support thereof is attached to the motion now before the Court.

I shall first consider the motion for leave to withdraw the answer of Maguire and, for the purposes of this discussion only, I shall assume that it is an answer within the meaning of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The only reason advanced by Maguire in support of its motion is that, in its answer, it admitted the jurisdictional facts alleged in the complaint.

The Federal Rules of Civil Procedure contain adequate provisions for the raising of any legal question presented by the allegations of the pleadings or by undisputed facts made a part of the record in a proper manner. Any matter of defense which is not waived by filing a responsive pleading can be raised without disturbing the pleadings theretofore filed. Rule 12 (h). Therefore, only the most unusual circumstances, which do not exist here, will warrant the withdrawal of a pleading.

The question presented, therefore, is whether the proper disposition of this case requires that Maguire be permitted to withdraw its answer because the jurisdictional allegations of the complaint are admitted therein. Neither the consent of the parties nor their admissions will confer jurisdiction upon a federal court where the facts of the case as revealed by the record deny the existence of such jurisdiction, and it is the duty of the Court to investigate its jurisdiction where doubt exists as to whether or not the actual facts will support such jurisdiction. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Royalty Service Corporation v. City of Los Angeles et al., 9 Cir., 98 F.2d 551.

The proposed motion of Maguire to dismiss does cast doubt upon the jurisdiction of this Court and, if the record were such that the Court could determine the actual facts, the jurisdictional question could be disposed of at this time. However, the motion to dismiss and affidavits in support thereof were not and could not be filed (Rule 12(b) and, consequently, Rader and the plaintiff were neither required to, nor given, an opportunity to reply to the matters set forth in these affidavits. In the brief of Rader which has been adopted by the plaintiff, the matters alleged in support of Maguire's proposed motion to dismiss are referred to as "asserted facts" and are not admitted to be true.

It has been contended by the plaintiff and Rader that, in the decree of this Court entered April 14, 1939, the Court passed upon the question of jurisdiction and the Court does not have the power to examine again the question of its jurisdiction. This contention appears to be based on the assumption that the decree of April 14, 1939, makes the matter of jurisdiction res adjudicata. This assumption is unfounded. A decree such as that of April 14, 1939, is interlocutory and not final. Marine Midland Trust Co. of New York v. Eybro Corp., 2 Cir., 58 F.2d 165; Hunter v. Federal Life Ins. Co., 8 Cir., 103 F.2d 192; Credit Bureau of San Diego, Inc. v. Petrasich, 9 Cir., 97 F.2d 65. Although

this decree is appealable, provided appeal is taken within thirty days after entry of decree, because of its provisions granting an injunction, 28 U.S.C.A. § 227; Marine Midland Trust Co. of New York v. Eybro Corp., supra; Credit Bureau of San Diego v. Petrasich, supra, the failure of Maguire to appeal from such decree does not impair or abridge his right to challenge the validity of such decree upon appeal from the final decree. Victor Talking Machine Co. v. George, 3 Cir., 105 F.2d 697; A. & R. Realty Co. v. Northwestern Mutual Life Insurance Co., 8 Cir., 95 F.2d 703.

■ Had the Court passed upon the facts now asserted by Maguire at the time of the entry of the decree of April 14, 1939, a different problem would now arise. However, at that time the Court had before it only the allegations of the complaint, and all that was determined was that the Court had jurisdiction of the controversy as alleged therein. Now, it is contended that the complaint did not set forth the true facts. If this is true, the Court may later have the power to examine its jurisdiction and is not barred by its prior interlocutory decree wherein the Court did not pass upon the facts now alleged and was not informed of the true facts of the case.

The evidence at the trial should show the facts upon which the question of jurisdiction can properly be determined. And, as the facts of the record, as it now stands, do not deny the existence of jurisdiction, the only proper course open, under the circumstances of this case, is to await the evidence at the trial and then inquire whether jurisdictional conditions have been met.

■ The petition of the defendant, Rader, for an order upon Maguire to deposit its certificates with the Court is an appeal to the power of this Court as a Court of Equity to grant complete relief to the parties with regard to the controversy before it.

The power of this Court by the pleadings in the case has been sought to establish the right to the ownership of the stock certificates described in the complaint, and nothing else. The certificates of stock held by Maguire are not in any sense any part of the subject matter of litigation, of which the Court is in the course of disposing. It is impossible to see how any disposition by Maguire of the certificates of stock held by

it could affect the ownership of the stock in controversy.

I feel that it would be improper to require Maguire to deposit with this Court certificates of stock held by it.

It is ordered that:

1. The motion of W. G. Maguire & Co., Inc., for leave to withdraw its answer be, and it is hereby, denied.

2. The petition of Virgil P. Rader for an order directing W. G. Maguire & Co., Inc., to deposit certain certificates with the Court be, and it is hereby, dismissed.