UNITED STATES of America,
Plaintiff,

v.

Panos S. COUMANTAROS, as owner of
THE SS PANAGIOTIS COUMAN-
TAROS, Defendant,
and
Daniel A. Lynch, as Trustee in Bankrupt-
cy for Bauer Steamship Corpo-
ration, Defendants,
and
Texas Marine Transport Company,
Defendant.

United States District Court
S. D. New York.
Nov. 2, 1956.

Paul W. Williams, New York City, U. S. Atty., for plaintiff.

Nelson, Healy, Baillie & Burke, New York City, for defendant Panos S. Coumantaros.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for defendant Daniel A. Lynch.

Macklin, Speer, Hanan & McKernan, New York City, for defendant Texas Marine Transport Co.

SUGARMAN, District Judge.

In an action brought by the United States against Panos S. Coumantaros, as owner of the SS Panagiotis Coumantaros, Daniel A. Lynch, as Trustee in Bankruptcy for Bauer Steamship Corporation and Texas Marine Transport Company, the defendant Texas Marine Transport Company moves "for an order dismissing the complaint for interpleader and dissolving the restraining order in the above entitled matter.".

The grounds urged in support of the motion are: "1. That the United States has not deposited the fund in court as required; 2. That it appears on the face of the complaint that Texas Marine Transport Company is the sole party entitled to payment; 3. That the claims of the other defendants present no real danger of double liability on the part of the United States; 4. That Texas Marine Transport Company, as holder of the bills of lading, is the only claimant which can respond to the condition rightly imposed.".

The grounds numbered 2–4 inclusive are prematurely urged on this, the "first stage" of the proceeding.[1]

The first ground is without merit. In opposition to the motion, it is urged that the United States is excused from depositing the fund in court as required by 28 U.S.C.A. § 1335(a) (2) by virtue of 28 U.S.C.A. § 2408. The inapplicability of § 2408 to a suit of interpleader is obvious; the fund of which the plaintiff is stakeholder is not "security for damages or costs".

Although the complaint states that it is filed under 28 U.S.C.A. § 1335, this statute is not the basis of the court's jurisdiction of this suit. The United

1. Chafee, Broadening Interpleader, 56 Harvard L.Rev. 541.

States is not a "person, firm, or corporation, association, or society" within the meaning of § 1335. Jurisdiction over the subject matter, i. e. power to entertain the suit, exists in this court by virtue of 28 U.S.C.A. § 1345.[2]

■■ The suit is one for non-statutory interpleader, wherein it is discretionary with the court whether the plaintiff will be required to bring the fund into court. In the exercise of that discretion, a deposit of the fund into the registry of the court is dispensed with, but the plaintiff is directed to hold the fund subject to the further order of this court.[3]

■■ The movant by letter has also questioned the jurisdiction of the court over its person. The interpleader, at least in the first stage and probably in the second stage, is an action *in personam*.[4] However, movant has not come into court *in limine* to contest the validity of the service of process upon it, made under the order of August 8, 1956.[5] By the instant motion, it submitted itself to the jurisdiction of the court, claiming the fund and demanding that plaintiff be directed to pay the fund to it. The court has acquired jurisdiction of the movant at least to the extent that its rights to the fund can be judicially determined.[6]

Accordingly the motion of the defendant Texas Marine Transport Company is denied.

The defendants herein shall interplead their respective claims and causes of action to and against the fund held by the plaintiff and they shall serve their respective pleadings on the parties concerned within 20 days from notice of entry hereof. Thereafter the case will proceed as any other civil case in this court, by the filing of a note of issue, etc. The provision of the order of August 8, 1956, setting the second stage of this proceeding down for an immediate hearing in preference to other pending civil matters in this court, is vacated; a procedure not opposed by the judge who made the said order.

The temporary restraining order heretofore issued on August 8, 1956 is hereby continued in effect as a temporary injunction pending final determination of this case.

The plaintiff may on the trial apply for its costs and fees[7].

It is so ordered.

2. Cf. Former Title 28 U.S.C.A. § 41(1); U. S. v. Conti, D.C.S.D.N.Y., 27 F.Supp. 756, 759; U. S., to Use of Creek Nation v. Rea-Read Mill & Elevator Co., C.C. Okl., 171 F. 501; U. S. v. Bank of New York & Trust Co., 296 U.S. 463, 473, 56 S.Ct. 343, 80 L.Ed. 331; U. S. v. Weisenbloom, 2 Cir., 168 F.2d 698, 699; Porello v. U. S., 2 Cir., 153 F.2d 605, 609, reversed in part on other grounds 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011.

3. Chafee, Interpleader in U. S. Courts, 42 Yale L.J. 41, 55.

4. Aetna Life Ins. Co. v. Du Roure, D.C. S.D.N.Y., 123 F.Supp. 736, 740.

5. Cf. McQuillen v. National Cash Register Co., 4 Cir., 112 F.2d 877, 881.

6. Cf. Annotation: Constructive Service—Nonresidents 30 A.L.R.2d § 13, pp. 246, 247.

7. Mutual Life Ins. Co. v. Bondurant, 6 Cir., 27 F.2d 464, 465, 466.