**METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, Plaintiff,**

v.

**Nancy R. ENRIGHT, also known as Mrs. James Thomas (Nancy) Enright, Nancy Enright, as Executrix of the Will of Marie J. Rankin, Deceased, Mildred S. Rankin and Mildred S. Rankin, as Executrix of the Last Will and Testament of Renville Stevens Rankin, otherwise known as Renville S. Rankin and R. S. Rankin, Deceased, Defendants.**

**Civ. No. 62–843.**

United States District Court
S. D. California,
Central Division.

July 7, 1964.

Adams, Duque & Hazeltine, Los Angeles, Cal., by Gerald E. Porter, Los Angeles, Cal., for plaintiff.

Douglas J. Stapel, Pasadena, Cal., for defendant Nancy R. Enright, also known as Mrs. James Thomas (Nancy) Enright, Nancy Enright, as Executrix of Will of Marie J. Rankin, Deceased.

Sheppard, Mullin, Richter & Hampton by William A. Masterson, Los Angeles, Cal., for defendant Mildred S. Rankin and Mildred S. Rankin, as Executrix of Last Will and Testament of Renville Stevens Rankin, otherwise known as Renville S. Rankin and R. S. Rankin, Deceased.

THURMOND CLARKE, District Judge.

By this action in the nature of interpleader, plaintiff insurance company asks this court to determine whether a portion of the proceeds of a policy of life insurance should be paid to the widow of the insured or to the estate of the former wife of the insured. Defendants are the executrix and sole legatee under the will of the first wife, and the second wife individually and as executrix of the husband's will.

The salient facts are not in dispute. They are set forth chronologically, as follows:

July 28, 1937—Plaintiff issued a group insurance policy to The Dorr Company, employer of Renville Stevens Rankin. Rankin designated as his beneficiary Marie Jester Rankin, then his wife.

June 19, 1940—Renville and Marie Rankin were divorced by decree of the Superior Court of Cook County, Illinois. Pursuant to a property settlement agreement, the decree provided the husband should maintain the policy here involved, in the amount of $6,000.00, with the wife as irrevocable beneficiary; it provided further that the wife should have the right to designate a successor beneficiary.

February 7, 1950—Rankin made a change of beneficiary providing that in the event of his death, 60 per cent of the proceeds of the policy should go to Marie and 40 per cent to Mildred Rankin, then his wife. Amount of the policy at this time was $10,000.00.

June 16, 1959—Marie Rankin died. (Defendant Enright is Mrs. Rankin's sole legatee and executrix under her will.)

June 6, 1960—Renville Rankin died. At this time, the amount of the policy was $7,500.00.

Upon a claim by Mildred Rankin, plaintiff paid her $3,000.00, or 40 per cent of the amount of the policy. The insuror retained $4,500.00.

Plaintiff has deposited in court the $4,500.00 plus interest bringing the total to $4,809.60. In addition, it has posted bond for $1,500.00 while not admitting liability therefor.

Should the court find any amount exceeding $4,809.60 owing to defendant Enright, the insuror prays Mildred Rankin be ordered to pay the difference, from the amount already paid to her, either to defendant Enright or to plaintiff.

Defendant Enright cross-claims against plaintiff for the principal sum of $6,000.00 and for interest thereon. Defendant Mildred Rankin cross-claims for the entire fund deposited with the court.

The exigent problem here is that of determining whether a right arising under the policy or a right arising under the divorce decree is superior.

The insurance policy provides in part:

"The Employee may change his Beneficiary at any time upon written request accompanied by this certificate for endorsement. Consent of the Beneficiary shall not be requisite to any change of beneficiary.

"If any designated Beneficiary shall die before the Employee, the rights and interest of such Beneficiary shall thereupon vest in the Employee. If there be no designated beneficiary at the time when any benefits would otherwise be payable to the Beneficiary, then such benefits shall be payable as follows: to the wife or husband, if living, of the Employee * *

The applicable portion of the decree of divorce provides:

" * * * the plaintiff shall maintain a policy of life insurance upon his life, in the amount of SIX THOUSAND DOLLARS ($6,000.00) in the Metropolitan Life Insurance Company, bearing policy number 2231G [the number of the policy here involved], with the defendant as the irrevocable beneficiary therein, and with the right in the defendant to name a successor beneficiary, in the event of her prior death * * *."

Defendant Enright maintains that under the divorce decree and the property settlement agreement, Marie Rankin became irrevocable beneficiary with the right to name a successor beneficiary (although she did not do so), and she thereby acquired a vested right in the policy which right was not divested by Rankin's subsequent attempted change of beneficiary nor by Marie's own death.

■ It is well established that terms of a property settlement agreement may preclude the insured from making a change of beneficiary even though he be given this right by terms of the insur-ance policy. Western Life Insurance Company v. Bower, 153 F.Supp. 25 (D. Mont. 1957); Equitable Life Assur. Soc. of United States v. Wilkins, 44 F.Supp. 594 (E.D.N.Y.1942); Mutual Life Ins. Co. of New York v. Franck, 9 Cal.App.2d 528, 50 P.2d 480 (3d D.Calif.1935).

■ The divorce decree provides the wife should have the right "to name a successor beneficiary, in the event of her prior death"; the policy provides if the beneficiary should predecease the insured, rights of that beneficiary should vest in the insured. Here, also, the provisions of the decree must prevail over those of the policy.

■ Marie Rankin, therefore, had a vested interest in the insurance policy; and upon her death, this interest passed to her estate. Plaintiff became liable therefor in the amount of $6,000.00.

Plaintiff further seeks a decree requiring Mildred Rankin to pay to the plaintiff or to defendant Enright the sum of $1,500.00, this being the difference between the amount of the proceeds remaining and the amount to which the court finds defendant Enright is entitled. The question then arises whether this court has jurisdiction—either over the defendant Mildred Rankin in personam or over the subject matter—to order such payment.

Defendant Rankin is not a citizen of California, and this court has acquired jurisdiction over her only by virtue of the interpleader statutes (28 U.S.C. §§ 1335, 2361) by which process may be served in any state. The money sought to be recovered from this defendant is not part of the fund which is the subject matter of the litigation.

Counsel have cited no case—nor has the court found authority—permitting a plaintiff thus to recover against a defendant in interpleader. The courts have in a number of cases held similar relief may not be granted as to a counterclaim.

In the case of Lawyers Trust Co. v. W. G. Maguire & Co., 2 F.R.D. 310 (D. Del.1942), the court specifically rejected

the argument that as a court of equity it had power, in an action in the nature of interpleader, to grant complete relief to the parties. It pointed out, 2 F.R.D. at p. 313, the subject matter of a petition by one of the defendants was " * * * not in any sense any part of the subject matter of litigation, of which the Court is in the course of disposing."

The court in the case of United States v. Coumantaros, 146 F.Supp. 51 (S.D.N.Y.1956) dealt, at p. 53, with the question of jurisdiction over the person:

"The movant * * * has also questioned the jurisdiction of the court over its person. The interpleader, at least in the first stage and probably in the second stage, is an action *in personam*. However, movant has not come into court *in limine* to contest the validity of the service of process upon it. * * * By the instant motion, it submitted itself to the jurisdiction of the court, claiming the fund and demanding that plaintiff be directed to pay the fund to it. The court has acquired jurisdiction of the movant at least *to the extent that its rights to the fund can be judicially determined."* (Emphasis added.)

The following cases, analogous to the one at bar, hold there is no jurisdiction in interpleader to grant judgment in personam as to subject matter apart from that deposited in court: Stitzel-Weller Distillery v. Norman, 39 F.Supp. 182 (W.D.Ky.1941); Consolidated Underwriters of S. C. Ins. Co. v. Bradshaw, 136 F.Supp. 395 (W.D.Ark.1955); Metropolitan Life Insurance Company v. Chase, 294 F.2d 500 (3rd Cir. 1961). See also 48 C.J.S. Interpleader § 47, p. 100, wherein it is stated:

"The court ordinarily should decree the rights of the parties only with respect to the particular fund or property which is the subject matter of the litigation."

Plaintiff has prayed for attorneys' fees herein. This not being an action in strict interpleader, but one in which plaintiff is more than a mere stakeholder, attorney fees are not allowable. 2 Barron and Holtzoff, Federal Practice and Procedure, Interpleader § 557, p. 252.

Counsel for defendant Enright shall submit proposed findings of fact, conclusions of law, and judgment in accordance herewith.