Jane Greer **KELLY**, individually and/or in any fiduciary capacity, and as legal guardian and custodian of Richard Greer Raese and John Reeves Raese, defendants, Appellant,

v.

Richard Greer **RAESE** and John Reeves Raese, infants, by Richard Aubrey Raese, their duly authorized legal guardian; Richard Aubrey Raese, as legal guardian of Richard Greer Raese and John Reeves Raese, infants, and Richard Aubrey Raese, individually, Appellees.

**PRESTON CORPORATION** and Preston Public Service Corporation, Plaintiffs, Appellants,

v.

Richard Greer **RAESE** and John Reeves Raese, infants, by Richard Aubrey Raese, their duly authorized legal guardian; Richard Aubrey Raese, as legal guardian of Richard Greer Raese and John Reeves Raese, infants, and Richard Aubrey Raese, individually, Appellees.

**Nos. 9918, 9919.**

United States Court of Appeals
Fourth Circuit.
April 18, 1967.

William H. Arkin, Washington, D. C., for appellants.

James M. Guiher, Clarksburg, W. Va., (Steptoe & Johnson, Clarksburg, W. Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and HUTCHESON, District Judge.

HAYNSWORTH, Chief Judge:

This appeal is from a decision by the District Court for the Northern District of West Virginia dismissing both an action in the nature of an interpleader and a cross-claim by one defendant against another.[1] We think the District Court properly dismissed this attempt to bring this continuing internecine war into the District Court.

Raese, a West Virginia resident, and Mrs. Kelly, a Florida resident, were husand and wife until divorced in May, 1955. Mrs. Kelly was in control of several West Virginia Corporations, the outstanding stock of which was distributed as follows:

PRESTON COUNTY SUPPLY COMPANY:

| | |
|---|---|
| Jane G. Kelly (defendant-appellant) | 1717 Shares |
| Richard Greer Raese (minor child) | 450 " |
| John Reeves Raese (minor child) | 300 " |
| Agnes J. Reeves Greer (mother of JGK) | 3 " |
| Richard Aubrey Raese (defendant-appellee) | 1 " |
| Total | 2471 Shares |

PRESTON COUNTY LIGHT & POWER COMPANY:

| | |
|---|---|
| Preston County Supply Company | 497 Shares |
| Agnes J. Reeves Greer | 3 " |
| Total | 500 Shares |

PRESTON COUNTY TELEPHONE COMPANY:

| | |
|---|---|
| Preston County Light & Power Company | 2500 Shares |
| Total | 2500 Shares |

---

1. Preston Corp. v. Raese, N.D.W.Va., 236 F.Supp. 135 (1964).

In October and November, 1963, these corporations went through a plan of reorganization by which their assets were transferred to Preston Public Service Corporation, a Delaware corporation. All the outstanding stock of Preston Public Service Corporation was issued to Preston Corporation, another Delaware Corporation. Shares of Preston Corporation were issued to shareholders of Preston County Supply Company in exchange for their stock.

The minority stockholders of Preston County Supply Company have contested the 1963 reorganization.[2] Raese claims that he is entitled to vote 750 shares of the stock of Preston County Supply Company as legal guardian of the two minor children. His claim derives from an order of the Circuit Court of Monongalia County, West Virginia, by which the minors were placed in his custody. Mrs. Kelly claims the right to vote the stock as trustee of the stock for the benefit of the two children. Her claim is based on an *ex parte* order of the Eleventh Judicial Circuit Court in Dade County, Florida.

To resolve this controversy and litigate others, or to avoid their resolution in the actions pending in the state courts of West Virginia, Preston Corporation and Preston Public Service Corporation, the Delaware corporations, as plaintiffs, brought this action in the nature of an interpleader in the United States District Court for the Southern District of Florida.[3] Raese, Mrs. Kelly, the two minors, and the three West Virginia corporations were named as defendants. Mrs. Kelly and the West Virginia corporations[4] were served in Florida. Raese and the minors were served in West Virginia pursuant to the nationwide service of process provisions of 28 U.S. C. § 2361. The property deposited in court was 3,034 shares of Preston Corporation, 3,030 of which were alleged to be adversely claimed by both Raese and Mrs. Kelly in their fiduciary capacities.[5] In addition to the interpleader relief, the Delaware corporations sought an injunction against pending state court actions and damages of $743,587 against Raese for alleged wrongs to the corporations.

Mrs. Kelly and the West Virginia corporations answered admitting all allegations of the complaint. At the same time, Mrs. Kelly cross-claimed against Raese seeking a declaratory judgment of the rights she claims as custodian of the children and her rights as trustee of their stock. Mrs. Kelly also joined a claim for money damages of $68,000 arising from a dispute incident to her divorce from Raese. In addition, she moved for summary judgment on her claims.

On motion by defendant, Raese, to dismiss or transfer, the action was transferred to the Northern District of West Virginia.[6] Raese then moved the West Virginia District Court to dismiss and that court granted the motion. The court

2. An action was instituted by Raese on December 5, 1963, in the Circuit Court of Preston County, West Virginia for this purpose. This suit was brought by Raese in his own right and as legal guardian for the two minor Raese boys. The three West Virginia corporations, Preston Corporation, the Kellys, and Agnes J. Reeves Greer were made defendants. The four corporations entered general appearances. The Kellys, nonresidents, were proceeded against by publication under West Va.Code 56–3–23, 24.

Additionally, in February, 1964, the corporations applied to the West Virginia Public Service Commission for approval of the reorganization since West Virginia public utility properties were involved. The Raeses have intervened in this action which has been stayed pending the outcome of the proceeding in the Circuit Court of Preston County.

3. Jurisdiction was based upon 28 U.S.C. §§ 1335, 1397 and 2361.

4. Service was made upon an assistant secretary of the corporations in Florida.

5. Although the interpleader complaint alleges also, as property in dispute, $2253.00 dividends paid or payable by Preston County Supply Company, no cash was paid into court.

6. Mandamus to rescind the transfer order was denied, 5 Cir., No. 21415, April 7, 1964. Appeal from the transfer order was dismissed by this court. Preston Corp. v. Raese, 4 Cir., 335 F.2d 827.

based the dismissal on the conclusive nature of the interpleader suit, the pendency of a state court action involving some of the same issues, and the availability of adequate remedies in the state courts to adjudicate all the claims involved.

There is a basis for a finding that the interpleader suit was collusively brought in Florida by the Delaware corporations to get *in personam* jurisdiction of Raese on the other claims. In Bierman v. Marcus [7] an interpleader action was dismissed because the stakeholder did not have a "real and reasonable fear of exposure to double liability or the vexation of conflicting claims to justify interpleader." [8] The plaintiffs in that action were in complete control of an interpleaded corporate defendant. When they interpleaded the corporation they knew it had no claim on them and could not even assert a fictitious claim without their consent. In the case at bar the positions are reversed. Here, it is the interpleader plaintiff which is completely controlled by one of the interpleaded defendants. Despite the transposition there is the same identity of interest between the plaintiff and an interpleaded defendant which prevents the action from being predicated upon a bona fide fear of vexatious conflicting claims. There is clearly a dispute between Mrs. Kelly and Raese, but it would be unrealistic to say that Preston Corporation has any fear of vexatious claims by Mrs. Kelly who is the major, controlling stockholder and chief executive officer of the corporation.

Moreover, the prayer for interpleader relief was joined by a large claim for damages against defendant, Raese. Though not suspect in itself, when viewed in the context of this acrimonious family dispute and the identity of interest between the Delaware corporations and Mrs. Kelly, the suit does not bear close scrutiny.

The interpleader action is further suspect from the face of the pleadings. It is apparent from Mrs. Kelly's cross-claim [9] that, in essence, what she and Preston Corporation are seeking is a declaratory judgment as to the validity of the *res* deposited in court as a jurisdictional prerequisite. The issue of the validity of the *res* predominates over the rival claims of the *res*. Since the Raeses object to the reorganization as a nullity, their claim might even be said to be directed to a different *res*, the 750 shares of Preston County Supply Company.

Accordingly, we affirm the District Court's ruling that interpleader jurisdiction has been improperly invoked.

Affirmed.

---

7. 3 Cir., 246 F.2d 200, cert. denied, 356 U.S. 933, 78 S.Ct. 774, 2 L.Ed.2d 762.

8. 246 F.2d at 202.

9. There has been a reluctance to allow unrelated *in personam* cross-claims by one adverse claimant against another when nationwide service of process has been used. See, e. g., Hagan v. Central Ave. Dairy, Inc., 9 Cir., 180 F.2d 502; Hallin v. C. A. Pearson, Inc., N.D. Calif., 34 F.R.D. 499 (1963).