PREFERRED RISK MUTUAL INSURANCE COMPANY, Plaintiff,

v.

Michael D. GREER, Donald D. Greer, Terrance Greer, Eugene Malcolm Wright, E. M. Wright, Betty P. Chapman as Administratrix of the Estate of Gary Ballew, Betty P. Chapman as Administratrix of the Estate of Charles A. Ballew, Debbie I. Thackston, Ira Thackston, and Ira Thackston as Administrator of the Estate of Tammy Elizabeth Thackston, Defendants.

Ira THACKSTON, Third-Party Plaintiff,

v.

Michael D. GREER, Donald D. Greer, and Terrance Greer, Third-Party Defendants.

Debbie I. THACKSTON, by her Guardian ad Litem, Ira Thackston, Third-Party Plaintiff,

v.

Michael D. GREER, Donald D. Greer, and Terrance Greer, Third-Party Defendants.

Ira THACKSTON, as Administrator of the Estate of Tammy Elizabeth Thackston, Third-Party Plaintiff,

v.

Michael D. GREER, Donald D. Greer and Terrance Greer, Third-Party Defendants.

Ira THACKSTON, as Administrator of the Estate of Tammy Elizabeth Thackston, Third-Party Plaintiff,

v.

Donald D. GREER, Terrance Greer and Michael D. Greer, Third-Party Defendants.

Civ. A. No. 68-251.

United States District Court
D. South Carolina,
Greenville Division.

Sept. 4, 1968.

O. G. Calhoun, Jr., Greenville, S. C., for plaintiff.

Calhoun H. Turner and Herman Cox, Greenville, S. C., for defendants Michael D. Greer, by his Guardian ad Litem Terrance Greer, Donald D. Greer and Terrance Greer.

William B. Price, Greenville, S. C., for defendants Betty P. Chapman, as Admx. of the Est. of Charles A. Ballew and Betty P. Chapman, as Admr.

Rodney A. Culbertson, Greenville, S. C., for defendants. Debbie I. Thackston, Ira Thackston and Ira Thackston, as Admr.

## OPINION and ORDER

DONALD RUSSELL, District Judge.

This is an interpleader action, filed under Rule 22(1), Federal Rules of Civil Procedure,[1] by an insurance carrier of limited liability, against its assured, the assured's son, and five claimants who assert claims of substantial amounts against the assured as a result of injuries sustained in an automobile accident for which it is alleged the assured and his son are liable. The plaintiff insurer, setting forth a willingness to pay over to the several claimants against its assured the full amounts of its policy for division among them as the Court may determine, thus conceding the liability of its assured to the extent of its coverage, has paid such sum into the registry of this Court. On that showing, it secured a restraining order against any actions *against it* by any of the claimants.[2]

The assured and his son have common citizenship with the five claimants, i. e., that of South Carolina. The diversity necessary to sustain jurisdiction herein depends on diversity between the plaintiff and all the defendants, all of whom are citizens of South Carolina. Jefferson Standard Life Insurance Co. v. Smith (D.C.S.C.1956) 161 F.Supp. 679.

Several of the claimants named as defendants have answered, demanding strict proof of plaintiff's allegations as to the limits of its policy. They, also, have, with their answers, filed cross-complaints against plaintiff's assured and his son. The cross-complaints set forth a cause of action between citizens of the same State. The plaintiff, along with the assured and his son, has moved to dismiss such cross-complaints.

1. For differences between jurisdictional requirements in interpleader under Rule 22 and Section 2361, 28 U.S.C.A., see note 10, 46 N.C.L.Rev. 83, and National Casualty Co. v. Insurance Co. of North America (D.C.Ohio 1964) 230 F.Supp. 617, 619.

2. The restraining order did not restrict the rights of the claimants to file suits against the assured and his son.

■ The right of the plaintiff to oppose the maintenance in this Court of the cross-complaints may be prejudiced, as the defendants-claimants argue, by its invocation of the jurisdiction of this Court; but the objections by the assured to the jurisdiction of this Court to adjudicate these cross-complaints on the other hand, cannot be dismissed by any such argument. The claims asserted in such cross-complaints considerably exceed in amount the limits of plaintiff's policy. If sustained, these could well result in substantial recoveries against the assured personally, considerably in excess of the plaintiff's limits. In an endeavor to protect himself from judgments in excess of the policy limits herein, the assured with his own funds had already settled one of the personal injury claims herein for $17,500 (which is almost double the policy limits herein). Two of the remaining claims are death claims. The assured is a person of independent means responsive to judgment. By his motion to dismiss the cross-complaints, he demands the right to have the claims against him, set up by residents of the same State as he, tried and disposed of in the courts of the State of their common citizenship and he objects to the jurisdiction of this Court to try such claims. He is entitled to such right under the authority of State Farm Fire & Cas. Co. v. Tashire (1967) 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270.³

The *Tashire* Case involved a statutory action of interpleader but the principles therein enunciated are equally applicable to actions under Rule 22. While sustaining the right of an insurer in a suit very similar to the instant one to invoke the interpleader jurisdiction, the Court there emphasized that, where the claims exceed the insurance limits and the alleged tortfeasor is solvent, the claimants cannot and will not be compelled to litigate their claims in the interpleader proceedings. In reversing the District Court which had sought to adjudicate the underlying claims themselves, the Court stated, "To the extent that the District Court sought to control claimants' lawsuits against the insured and other alleged tortfeasors, it exceeded the powers granted to it by the statutory scheme." 386 U.S. at p. 535, 87 S.Ct. at p. 1206. As the commentator in 46 N. C.L.Rev. 83, 86, observes, this decision limits the use of interpleader to proration of the funds deposited with the Court and does not admit its use "as a joinder device to bring trials on liability into a single court" and leaves injured parties free to bring their actions on liability, in whatever courts they choose.⁴

■ This decision in *Tashire* it may be noted, accords with the opinion of Professor Chafee, who was for long the leading exponent of federal interpleader jurisdiction, as to the proper scope of federal interpleader. In 49 Yale L.J. 377, 420, he argued that "interpleader should not extend to trials on liability". This conclusion, also, naturally follows from the repeated holdings that jurisdiction in interpleader can only extend to the fund deposited in court and cannot embrace *in personam* jurisdiction on issues of liability that go beyond the fund. Knoll v. Socony Mobil Oil Company (C. C.A.Kan.1966) 369 F.2d 425, 429, cert. den. 386 U.S. 977, 87 S.Ct. 1173, 18 L. Ed.2d 138, reh. den. 386 U.S. 1043, 87 S.Ct. 1490, 18 L.Ed.2d 618; 389 U.S. 893, 88 S.Ct. 18, 19 L.Ed.2d 212; Preston Corporation v. Raese (D.C.W.Va. 1964) 236 F.Supp. 135, 144, cert. den. 389 U.S. 931, 88 S.Ct. 294, 19 L.Ed.2d 283, aff. Kelly v. Raese, 4 Cir., 377

3. I think the contrary comment expressed in Moore, Federal Practice, Vol. 3A, p. 3132, prior to the *Tashire* ruling, must be considered as invalidated by the decision in *Tashire*.

4. See, Urbom, Multiple Claims From One Accident, 34 Ins.Counsel J. 343, 347–348
(1967); 53 Iowa L.Rev. 233 (1967); 53 A.B.A. Bar J. 656 (67), for comments on the *Tashire* case. See also, Travelers Indemnity Company v. Greyhound Lines, Inc. (D.C.La.1966) 260 F.Supp. 530, 533–535, cert. den 389 U.S. 832, 88 S.Ct. 101, 19 L.Ed.2d 91, aff. 5 Cir., 377 F.2d 325.

F.2d 263; Metropolitan Life Insurance Company v. Enright (D.C.Cal.1964) 231 F.Supp. 275, 278; Consolidated Underwriters of S. C. Ins. Co. v. Bradshaw (D.C.Ark.1955) 136 F.Supp. 395, 397–398.

Accepting the premise that the individual claimants could not be compelled to litigate their claims against the insured and his son in the interpleader proceedings, the question posed here is whether the insured and his son have a like right to demand that the issue of their liability be tried elsewhere? I think they do. There are certain obvious disadvantages to them in trying the issue of liability in the interpleader action. Their insurer, by filing the action, has indicated that it concedes liability to the full extent of its policy. However, the Court may seek to immunize this concession, it must infect any proceeding in this Court and cannot but prejudice the insured and his son in presenting a defense of non-liability. Further, the existence of insurance protection, even though limited, is present in the interpleader action. Under South Carolina law, the defendant is entitled to strict non-disclosure of such insurance in an action upon the claims herein. American Fidelity Fire Insurance Company v. Hood (D.C.S.C.1965) 37 F.R.D. 17, 20–21. Perhaps, by regrouping parties and severance, by rephrasing pleadings, by providing separate trials, the Court might moderate, if not eliminate, these difficulties. The simplest course, however, and the one assuring that there will be no improper prejudice of the assured's rights, is to compel the litigation of the underlying claims herein in court proceedings between the claimants, on the one hand, and the assured and his son, on the other, in the State Court. This conclusion is in accord with the well-reasoned opinion in Travelers Indemnity Company v. Greyhound Lines, Inc., supra.

At the same time that the motion of the cross-defendants and plaintiff to dismiss the cross-complaints was heard, the insured sought an order allowing the payment of $10,000 (that being the maximum payable to any one claimant under plaintiff's policy) from the fund deposited by the plaintiff in the registry of the Court, to be applied on the agreed settlement of the claim asserted by Eugene Malcolm Wright and his father, involved in this proceeding. The difficulty with this motion is that, while maximum liability to any one claimant is fixed at $10,000 in the policy in question, the policy, also, has a limit of $20,000 for any accident. The claimant who is settling with the assured is only one of five claimants against the assured. If all recover, there may well be considerably less than $10,000 to be prorated out of the fund for distribution to each claimant. Clearly, to permit any one claimant to receive $10,000 from the fund at this stage could well give such claimant a preference from the fund. It was to avoid just that result that interpleader was allowed. The motion must accordingly be denied.

To summarize:

(1) The motion of the defendants Donald D. Greer, Terrance Greer and Michael D. Greer by his Guardian ad Litem, Terrance Greer, that $10,000 be advanced from the fund in the registry of the Court under an order entered in these proceedings for partial payment of the settlement of the claim of Eugene Malcolm Wright and his father herein is denied.

(2) The motion of the plaintiff and the defendants Michael D. Greer, by his Guardian ad Litem, Terrance Greer, Donald D. Greer and Terrance Greer, to dismiss the cross-complaints filed by the defendants Ira Thackston, Debbie I. Thackston, by her Guardian ad Litem, Ira Thackston, and Ira Thackston, Administrator of the Estate of Tammy Elizabeth Thackston, Betty B. Chapman, Administratrix of the Estate of Gary Ballew and Betty B. Chapman, as Administratrix of the Estate of Charles A. Ballew, is hereby granted.

AND, IT IS SO ORDERED.

I am of the opinion that the Order I have signed herein involves a controlling question of law as to which there can be substantial ground for difference of opinion, and I am further of the opinion that an immediate appeal from this Order would materially advance the ultimate determination of the litigation. Further proceedings in the district court are stayed to permit appeal to be taken from the Order herein, the application for such review to be made within ten days after the date of the Order herein. 28 U.S.C.A. § 1292(b), and

It is so ordered.