## CIRCUIT COURT OF FAIRFAX COUNTY

Maryland Casualty Co.

v.

Thomas E. Gallahue, Admr., et al.

December 2, 1992

Case No. (Chancery) 127560

BY JUDGE MICHAEL P. MCWEENY

Maryland Casualty's Bill of Interpleader is before the court on the parties' several motions. In short, the Court has been asked to determine (1) whether a Bill of Interpleader is proper in this case; (2) if interpleader is proper, whether an injunction should be entered against prosecution of three separate actions, namely *Gallahue v. A Ace Hauling, Inc., et al.*, At Law No. 112997; *Julia Hall v. A Ace Hauling, Inc., et al.*, At Law No. 115946; and *Julia Hall as Next Friend of Justin Hall v. A Ace Hauling, Inc., et al.*, At Law No. 115943; and (3) aside from interpleader, whether the three separate actions should be consolidated into one trial.

This matter arises out of a three vehicle accident which occurred on August 20, 1991. Gallahue's action is a claim for wrongful death, and the Halls' actions are claims for personal injuries. The aggregate ad damnums exceed the limit of the insurance policy which is the reason why Maryland Casualty has filed this Bill of Interpleader.

Virginia's interpleader statute is modeled after the federal interpleader statutes. The legislative history of the Virginia statute states that "[t]he purpose of the statute is to provide Virginia with a comprehensive modern statutory method of interpleader comparable to those which exist in . . . the federal system." Thus, the Court finds that the decision in *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 534 (1967), is directly controlling in this matter. In *Tashire*, the Supreme Court addressed the question of whether or not federal in-

terpleader was available to an insurance company facing liability on potential claims in excess of the policy limits and held that an insurance company was entitled to invoke interpleader before the claims were reduced to judgments. The Court stated:

> Considerations of judicial administration demonstrate the soundness of this view which, in any event, seems compelled by the language of the present statute which is remedial and to be liberally construed. Were an insurance company required to await judgment, the first claimant to obtain such a judgment or to negotiate a settlement might appropriate all or a disproportionate slice of the fund before his fellow claimants were able to establish their claims. The difficulties such a race to judgment pose for the insurer, [footnote omitted] and the unfairness which may result to some claimants, were among the principle evils the interpleader device was intended to remedy [footnote omitted].

*Tashire*, 386 U.S. at 533.

The court finds that this matter is clearly a "pie-slicing" situation in which the court must protect the stakeholder against multiplicity of suits as well as assure a fair distribution among claimants. That the claims asserted and potential judgments may exceed Maryland Casualty's liability on the policy is undisputed. The Bill of Interpleader is proper.

*Tashire* goes on to hold that an interpleader action does not entitle the insurance company to enjoin prosecution of suits outside the confines of the "fund" or proceeds deposited with the court. *Id.* at 533–34. In other words, jurisdiction in this type of interpleader action cannot embrace issues of liability that go beyond the "slicing" of the funds. *Preferred Risk Mutual Ins. Co. v. Greer*, 289 F. Supp. 261, 263 (D. S.C. 1968). Interpleader is not a joinder device to bring trials on liability into a single court. *Id.* It is a remedial device to protect the insurance company from exposure to unnecessary vexation by a multiplicity of suits and to ensure fair distribution of the funds. *MFA Mutual Ins. Co. v. Lusby*, 295 F. Supp. 660 (W.D. Va. 1969); *American Fidelity Fire Ins. Co. v. Construcciones Werl*, 407 F. Supp. 164 (D. V.I. 1975). The law is clear, then, that in an interpleader action of the type in this case, each trial should proceed on the merits to judgment, and thereafter, when and if the judgments are enforced against the insurance policy funds, there will be a deter-

mination on the bill of interpleader as to how the funds should be disbursed.

In the case at bar, Maryland Casualty's Bill of Interpleader denies liability and prays that the claimants be required to litigate their claims in a single forum, that injunctions be issued against prosecution of each separate trial, and that liability for the aggregate claims be limited to the policy amount. The Bill is defective to the extent that it prays for relief that is beyond the jurisdiction of the court in an interpleader action, and Gallahue's demurrer is sustained. Since interpleader is appropriate in this case, Maryland Casualty is given leave to amend its Bill of Interpleader subject to § 8.01–364(D), which provides that Maryland Casualty may elect to pay or may be ordered to pay the insurance fund into the court.

Finally, the Court denies the Halls' Motion to Consolidate all three trials. Consolidation is within the discretion of the court and should be allowed where there will be no prejudice to any party because the trials will involve substantially the same evidence, issues, and parties. *Clark v. Kimnach*, 198 Va. 737, 744–45 (1957). In this matter, the claim for wrongful death and the two claims for personal injuries involve different parties who were operating or riding in separate vehicles. Furthermore, the claims do not sufficiently involve the same issues to satisfy the court that there would be no prejudice to any of the parties. As a side note, however, the personal injury claims of the Halls may be properly consolidated if they so wish.

In summary, Gallahue's demurrer to the bill of interpleader is sustained. Maryland Casualty shall have fourteen days from the date of this opinion to file an amended Bill of Interpleader. The Halls' motion for consolidation of the trials is denied.